IN THE UNITED STATES DISTRICT COURT
IN AND FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

United States District Court
Southern District of Texas
FILED

FEB - 7 2000

MICHAEL N. MILBY CLERK

| | | |
|---|---|---|
| BILL DOBSON, d/b/a DOBSON EXCAVATING AND TRUCKING, and JOHN ALBRITTON<br>　　　Plaintiffs<br><br>VS.<br><br>STAN WILSON, Individually and as Guardian of JEREMY SEAN WILSON an Incapacitated Person, KRISTA WILSON, ANASTASIA ROBSON, Individually, and as Administratrix of the Estate of NATALIE BREDTHAUER, Deceased, and DR. LARRY BREDTHAUER,<br>　　　Defendants | § § § § § § § § § § § § § § § § § | CIVIL ACTION NO. C-00-003 |

## ANASTASIA ROBSON'S ANSWER AND COUNTERCLAIM

TO THE HONORABLE JUDGE OF SAID COURT:

### A. PARTIES

1.   Defendant/Counter Plaintiff ("Robson") admits that Interpleader-plaintiffs/Counter Defendants Bill Dobson d/b/a Dobson Excavating and Trucking and John albritton are citizens of the State of Alabama and takes notice of their tender of One Million and No/100 Dollars ($1,000,000.00), into the registry of the Court.

2.   Defendant Counter Plaintiff ("Robson") admits that Jeremy Sean Wilson and Krista Wilson are citizens of the State of Texas. "Robson" is without sufficient knowledge of the mental capacity of Jeremy Sean Wilson; therefore the allegation of incapacity is denied.

"Robson" admits that she and Dr. Larry Bredthauer are citizens of the State of Texas.

## B. JURISDICTION: 28 U.S.C.§1332 and Rule 22

3.   "Robson" admits jurisdiction is proper under 27 U.S.C.§1332 and Rule 22 of the Texas Rules of Civil Procedure.

## C. THE PROPERTY

4.   "Robson" admits that the policy issued by John Deere, number CT760411-8098-981 in the amount of $1,000,000.00 is applicable to the occurrence made the basis of this interpleader action and "Robson's" counterclaim. "Robson" denies that THE PROPERTY applicable to compensate her for damages sustained as a result of the occurrence is the sole source of compensation to which she is entitled.

## D. THE CLAIMS

5.   "Robson" admits there are multiple claims against THE PROPERTY which has been interplead into the registry of the Court.

6.   "Robson" admits that there are adverse interest and claims against THE PROPERTY tendered into the registry of the Court and this property is insufficient to satisfy her damages for her claim standing alone and separate from the other defendants.

"Robson" admits that on July 5, 1999, John Albritton was driving Dobson's eight wheeler rig south from Beeville, Texas. "Robson" is without sufficient knowledge to know Albritton's destination; therefore that allegation is denied.

"Robson" denies Albritton slammed on his brakes to avoid a driver braking in front of him, but admits he was negligent in losing control of his rig causing it to jacknife, crossing the median, and coming to rest, blocking all lanes of traffic north-bound on U.S. Highway 181.

"Robson" admits that Natalie Bredthauer, Jeremy Sean Wilson and Krista Leigh Wilson were occupants of the vehicle which collided with Dobson's rig.

## E. THE INTERPLEADER

7. "Robson" denies that interpleader-plaintiffs have only the $1,000,000.00 insurance policy as the property to satisfy the multiple claims.

8. The allegations contained in Paragraph No. 8 are admitted.

## F. OTHER PROCEEDINGS

9. The allegations contained in Paragraph No. 9 are admitted except as to claims against interpleader-plaintiffs which are embodied in "Robson's" counterclaim for affirmative relief.

## G. PRAYER

10. "Robson" requests this Court to deny Interpleader's relief that they be discharged from this lawsuit and be relieved from all claims against them once the extent of their liability is made certain; restrain Defendant/Counter Plaintiffs from instituting an action in any other form; and deny Interpleader Plaintiff's their costs and attorney's fees.

## COUNTERCLAIM

11. "Robson" is a surviving parent and mother of Natalie Bredthauer, Deceased. As such, she is a constitutional and statutory beneficiary of Natalie Bredthauer under the laws of the State of Texas.

12. Counter-Defendant William Dobson, individually and doing business as Dobson Excavating & Trucking, is an individual doing business within the state of Texas and may be served with citation by serving his attorney of record, Elizabeth Ledbetter of Schauer, Simank & Ledbetter, 615 Upper N. Broadway, Suite 2000, Corpus Christi, Texas, 78477.

13. Counter-Defendant John Arthur Albritton as an individual doing business in the state of Texas and may be served with citation by serving his attorney of record, Elizabeth Ledbetter of Schauer, Simank & Ledbetter, 615 Upper N. Broadway, Suite 2000, Corpus Christi, Texas, 78477.

14. On or about July 5, 1999, the Counter-Defendant, Albritton, was driving southbound on Highway 181 in Bell County, Texas. The Counter-Defendant Albritton failed to maintain proper control of his tractor trailer rig. The Counter-Defendant Albritton's tractor trailer rig jack knifed and left his proper lane of traffic and crossed the dividing median coming to a stop blocking the north bound lanes of Highway 181, at a time when the decedent and Jeremy Wilson were traveling northbound on Highway 181. The car in which Jeremy Wilson and the decedent Natalie Bredthauer were in crashed into the trailer causing injuries and the resulting death of Natalie Bredthauer.

15. Counter-Defendant Albritton is an employee of the Counter-Defendant William Dobson, individually and doing business as Dobson Excavating & Trucking. The tractor trailer rig is owned and operated by the Counter-Defendant Dobson. The tractor trailer rig was negligently maintained and was in a defective condition at the time of the accident. The Counter-Defendant Dobson failed to have the tractor trailer rig certified for use under the Department of Transportation regulations, and furthermore, failed to properly maintain the trailer brakes, and that the brakes were defective and were a producing cause of the accident causing the death of Natalie Bredthauer. The Counter-Defendant Dobson further failed to have tires on the tractor trailer rig which would pass the Department of Transportation's rules and regulations.

16. The Counter-Defendant Albritton was negligent in operating a non-inspected and certified vehicle in the state of Texas. The Counter-Defendant Albritton was negligent in the operation of the tractor trailer rig by failing to maintain control of his vehicle causing the death of Natalie Bredthauer.

17. "Robson brings this action against the Counter-Defendants for their negligent conduct in operation of the vehicle involved in the accident and the negligent maintenance of the tractor trailer rig which caused the accident. The Counter-Defendants knew or should have known that

their conduct posed an unreasonable risk of harm to Natalie Bredthauer. This conduct was a proximate cause of the injuries suffered by Natalie Bredthauer which ultimately caused her death.

18. The Counter-Defendants Albritton and Dobson disregarded the presence of an ultra hazardous condition being the condition of the vehicle's tires and brakes which they knew were defective. These Counter-Defendants embarked on a course of action with total disregard, conscious indifference tantamount to such a wanton lack of concern to be grossly negligent, and all such conduct proximately caused the injuries to and death of Natalie Bredthauer.

19. Natalie Bredthauer was 21 years old at the time of her death. She was in good physical health and a student at Texas A & M University. At the time of her death, Natalie Bredthauer had a life expectancy of approximately 56.3 years according to the U. S. Life Tables of the United States Department of Health and Human Services, a certified copy of which will be offered at the trial of this case.

20. This lawsuit is brought for the recovery of those damages inflicted upon Natalie Bredthauer prior to her death, those medical expenses incurred in the past, physical pain and suffering and mental anguish, physical impairment, and conscious fear of impending death and a loss of the intellectual function. This lawsuit is also brought by Anastasia Robson, individually and as representative of the Estate of Natalie Bredthauer, for the recovery of funeral and burial expenses, loss of society and companionship, mental anguish, grief and bereavement, and the termination of the parent/child relationship.

21. "Robson," individually and as representative of the Estate of Natalie Bredthauer, Deceased, would show that a result of the above and foregoing they have been damaged in the amount of Five Million and No/100 ($5,000,000.00) Dollars in actual damages and punitive damages as provided by law, for which sums she here now sues. All the damages were occurred as a direct and proximate result of the negligent conduct of Counter-Defendant William Dobson,

individually, and doing business as Dobson Excavating & Trucking, and Counter-Defendant John Arthur Albritton.

WHEREFORE, PREMISES CONSIDERED, Anastasia Robson, individually and as the representative of the Estate of Natalie Bredthauer, Deceased, prays that the Counter-Defendants be cited in terms of law to appear and answer herein and that upon final trial hereof, "Robson", individually and as representative of the Estate of Natalie Bredthauer, Deceased, have judgment against the Counter-Defendants, jointly and severally, for Five Million and No/100 ($5,000,000.00) Dollars in actual damages and punitive damages as provided by law, with prejudgment interest at the prevailing legal a rate, for post judgement interest at the prevailing legal rate, for costs of court, and for such other and further relief, special and general, at law and in equity, to which "Robson" may show herself justly entitled.

                                             Respectfully submitted,

                                             NORMAN & POWELL

                                             By: _____
                                             WILLIAM T. POWELL
                                             State Bar No. 1620680
                                             MICHAEL H. NORMAN
                                             State Bar No. 15081300
                                             952 Echo Lane
                                             Suite 410
                                             Houston, Texas  77024
                                             Telephone: (713) 722-8700
                                             Facsimile:  (713) 722-9197

                                     ATTORNEYS FOR ANASTASIA ROBSON

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing instrument has been sent to all known counsel of record, by certified mail, return receipt requested, regular U.S. mail, hand delivery or facsimile, on this the 4th February, 2000.

*[signature]*

MICHAEL H. NORMAN