United States District Court
Southern District of Texas
FILED

FEB 1 4 2000

Michael N. Milby, Clerk of Court

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF TEXAS

| | | |
|---|---|---|
| **BILL DOBSON, d/b/a DOBSON** | § | |
| **EXCAVATING AND TRUCKING and** | § | |
| **JOHN ALBRITTON** | § | |
| | § | |
| **v.** | § | **CASE NUMBER C-00-003** |
| | § | |
| **STAN WILSON, Individually and As** | § | |
| **Guardian of JEREMY SEAN WILSON,** | § | |
| **An Incapacitated Person,** | § | |
| **KRISTA WILSON, ANASTASIA ROBSON,** | § | |
| **Individually, and as Administratrix of the** | § | |
| **Estate of NATALIE BREDTHAUER,** | § | |
| **Deceased, and DR. LARRY BREDTHAUER** | § | |

## DR. LARRY BREDTHAUER'S
## ORIGINAL ANSWER AND COUNTERCLAIM

### TO THE HONORABLE JUDGE OF SAID COURT:

### A. PARTIES

1.    Defendant/Counter Plaintiff Dr. Larry Bredthauer ("Bredthauer") admits that Interpleader-Plaintiffs/Counter Defendants Bill Dobson d/b/a Dobson Excavating and Trucking and John Albritton are citizens of the State of Alabama and takes notice of their tender of ONE MILLION AND NO/100 DOLLARS ($1,000,000.00) into the registry of the Court.

2.    Defendant Counter Plaintiff Bredthauer admits that Jeremy Sean Wilson and Krista Wilson are citizens of the State of Texas.  Bredthauer is without sufficient knowledge of the mental capacity of Jeremy Sean Wilson; therefore, the allegation of incapacity is denied.

Bredthauer admits that he and Anastasia Robson are citizens of the State of Texas.

1

16.

## B. JURISDICTION: 28 U.S.C. §1332 and Rule 22

3.    Bredthauer admits jurisdiction is proper under 27 U.S.C. §1332 and Rule 22 of the Texas

Rules of Civil Procedure.

## C. THE PROPERTY

4.    Bredthauer admits that the policy issued by John Deere, number CT760411-8098-981 in the

amount of $1,000,000.00 is applicable to the occurrence made the basis of this interpleader action

and Bredthauer's counterclaim. Bredthauer denies that THE PROPERTY applicable to compensate

him for damages sustained as a result of the occurrence is the sole source of compensation to which

he is entitled.

## D. THE CLAIMS

5.    Bredthauer admits there are multiple claims against THE PROPERTY which has been

interplead into the registry of the Court.

6.    Bredthauer admits that there are adverse interest and claims against THE PROPERTY

tendered into the registry of the Court and this property is insufficient to satisfy his damages for his

claim standing alone and separate from the other defendants.

Bredthauer admits that on July 5, 1999, John Albritton was driving Dobson's eighteen

wheeler rig south from Beeville, Texas. Bredthauer is without sufficient knowledge to know

Albritton's destination; therefore, that allegation is denied.

Bredthauer denies Albritton slammed on his brakes to avoid a driver braking in front of him,

but admits he was negligent in losing control of his rig, causing it to jackknife, crossing the median,

and coming to rest, blocking all lanes of traffic north bound on U.S. Highway 181.

2

Bredthauer admits that Natalie Bredthauer, Jeremy Sean Wilson and Krista Leigh Wilson were occupants of the vehicle which collided with Dobson's rig.

### E.  THE INTERPLEADER

7.      Bredthauer denies that interpleader-plaintiffs have only the $1,000,000.00 insurance policy as the property to satisfy the multiple claims.

8.      The allegations contained in Paragraph No. 8 are admitted.

### F.  OTHER PROCEEDINGS

9.      The allegations contained in Paragraph No. 9 are admitted except as to claim against interpleader-plaintiffs which are embodied in Bredthauer's counterclaim for affirmative relief.

### G.  PRAYER

10.     Bredthauer requests this Court to deny Interpleader's relief that they be discharged from this lawsuit and be relieved from all claims against them once the extent of their liability is made certain; restrain Defendant/Counter Plaintiffs from instituting an action in any other form; and deny Interpleader Plaintiffs their costs and attorney's fees.

### COUNTERCLAIM

11.     Bredthauer is a surviving parent and father of Natalie Bredthauer, Deceased.  As such, he is a constitutional and statutory beneficiary of Natalie Bredthauer under the laws of the State of Texas.

12.     Counter-Defendant William Dobson, Individually and doing business as Dobson Excavating & Trucking, is an individual doing business within the State of Texas and may be served with citation by serving his attorney of record, Elizabeth Ledbetter of Schauer, Simank & Ledbetter, 615 Upper N. Broadway, Suite 2000, Corpus Christi, Texas  78477.

13.   Counter-Defendant John Arthur Albritton is an individual doing business in the State of Texas and may be served with citation by serving his attorney of record, Elizabeth Ledbetter of Schauer, Simank & Ledbetter, 615 Upper N. Broadway, Suite 2000, Corpus Christi, Texas 78477.

14.   On or about July 5, 1999, Counter-Defendant, Albritton, was driving southbound on Highway 181 in Bell County, Texas.   Counter-Defendant Albritton failed to maintain proper control of his tractor trailer rig.  Counter-Defendant Albritton's tractor trailer rig jack knifed and left his proper lane of traffic and crossed the dividing median, coming to a stop blocking the northbound lanes of Highway 181 at a time when the Decedent and Jeremy Wilson were traveling northbound on Highway 181.  The car in which Jeremy Wilson and the Decedent, Natalie Bredthauer, were in crashed into the trailer, causing injuries and the resulting death of Natalie Bredthauer.

15.   Counter-Defendant Albritton is an employee of Counter-Defendant William Dobson, individually, and doing business as Dobson Excavating & Trucking.  the tractor trailer rig is owned and operated by Counter-Defendant Dobson.  The tractor trailer rig was negligently maintained and was in a defective condition at the time of the accident.  Counter-Defendant Dobson failed to have the tractor trailer rig certified for use under the Department of Transportation regulations and, furthermore, failed to properly maintain the trailer brakes and that the brakes were defective and were a producing cause of the accident causing the death of Natalie Bredthauer.  Counter-Defendant Dobson further failed to have tires on the tractor trailer rig which would pass the Department of Transportation's rules and regulations.

16.   Counter-Defendant Albritton was negligent in operating a non-inspected and certified vehicle in the State of Texas.  Counter-Defendant Albritton was negligent in the operation of the tractor trailer rig by failing to maintain control of his vehicle, causing the death of Natalie Bredthauer.

4

17.     Bredthauer brings this action against Counter-Defendants for their negligent conduct in operation of the vehicle involved in the accident and the negligent maintenance of the tractor trailer rig which caused the accident.  Counter-Defendants knew or should have known that their conduct posed an unreasonable risk of harm to Natalie Bredthauer.  This conduct was a proximate cause of the injuries suffered by Natalie Bredthauer which ultimately caused her death.

18.     Counter-Defendants Albritton and Dobson disregarded the present of an ultra hazardous condition, being the condition of the vehicle's tires and brakes which they knew were defective.  These Counter-Defendants embarked on a course of action with total disregard, conscious indifference tantamount to such  to such a wanton lack of concern to be grossly negligent.  All such conduct proximately caused the injuries to and death of Natalie Bredthauer.

19.     Natalie Bredthauer was 21 years old at the time of her death.  She was in good physical health and a student at Texas A&M University.  At the time of her death, Natalie Bredthauer had a life expectancy of approximately 56.3 years according to the U.S. Life Tables of the United States Department of Health and Human Services, a certified copy of which will be offered at the trial of this case.

20.     This lawsuit is brought for the recovery of those damages inflicted upon Natalie Bredthauer prior to her death, those medical expenses incurred in the past, physical pain and suffering and mental anguish, physical impairment, and conscious fear of impending death and a loss of the intellectual function.  This lawsuit is also brought by Dr. Larry Bredthauer, individually, and On Behalf of the Estate of Natalie Bredthauer for the recovery of funeral and burial expenses, loss of society and companionship, mental anguish, grief and bereavement, and the termination of the parent/child relationship.

5

21.    Bredthauer, Individually and On Behalf of Natalie Bredthauer, Deceased, would show that as a result of the above and foregoing, they have been damaged in the amount of FIVE MILLION AND NO/100 DOLLARS ($5,000,000.00) in actual damages and punitive damages as provided by law, for which sums he now sues.  All the damages occurred as a direct and proximate result of the negligent conduct of Counter-Defendant William Dobson, individually and doing business as Dobson Excavating & Trucking, and Counter-Defendant John Arthur Albritton.

**WHEREFORE, PREMISES CONSIDERED**, Dr. Larry Bredthauer, Individually, and On Behalf of the Estate of Natalie Bredthauer, Deceased, prays that the Counter-Defendants be cited in terms of law to appear and answer herein and that upon final trial hereof, Bredthauer, Individually and On Behalf of the Estate of Natalie Bredthauer, Deceased, have judgment against Counter-Defendants, jointly and severally, for FIVE MILLION AND NO/100 DOLLARS ($5,000,000.00) in actual damages and punitive damages as provided by law, with pre-judgment interest at the prevailing legal rate, for post-judgment interest at the prevailing legal rate, for costs of court, and for such other and further relief, special and general, at law and in equity, to which Bredthauer  may show himself justly entitled.

Respectfully submitted,

HERMAN & HOWRY, L.L.P.

_____

Randy Howry
State Bar No. 10121690
1900 Pearl Street
Austin, Texas 78701
(512) 474-7300
(512) 474-8557 FAX

**ATTORNEY FOR DEFENDANT
DR. LARRY BREDTHAUER, INDIVIDUALLY,
AND ON BEHALF OF THE ESTATE OF
NATALIE BREDTHAUER**

## CERTIFICATE OF SERVICE

I do hereby certify that a duplicate original or true and correct copy of the foregoing document to which this certificate is attached was served on Plaintiffs' counsel of record in this case by certified mail, return receipt requested, at the address listed below on the _11_ day of February, 2000.

V. Elizabeth Ledbetter
SCHAUER, SIMANK & LEDBETTER
615 North Upper Broadway, Suite 2000
Corpus Christi, Texas 78477

Paul Swacina
BRIN & BRIN, P.C.
1202 Third Street
Corpus Christi, Texas  78404

Michael H. Norman
NORMAN & POWELL
952  Echo Lane, Suite 410
Houston, Texas 77024

_____

Randy Howry

*F:\CASES\RH\Bredthauer v. Dobson\Pleadings\Def Bredthauer's answer & counterclaim.wpd*

7