IN THE UNITED STATES DISTRICT COURT
IN AND FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| BILL DOBSON, d/b/a DOBSON EXCAVATING § <br> AND TRUCKING, and JOHN ALBRITTON § <br>    Plaintiffs § <br> § <br> VS. § <br> § <br> STAN WILSON, Individually and as Guardian of § <br> JEREMY SEAN WILSON an Incapacitated Person § <br> KRISTA WILSON, ANASTASIA ROBSON, § <br> Individually, and as Administratrix of the Estate of § <br> NATALIE BREDTHAUER, Deceased and § <br> DR. LARRY BREDTHAUER § <br>    Defendants § | United States District Court <br> Southern District of Texas <br> FILED <br> **FEB 24 2000** <br> MICHAEL N. MILBY CLERK <br><br> CIVIL ACTION NO.C-00-003 |

**PLAINTIFFS' JOINT REPORT OF THE MEETING
AND JOINT DISCOVERY/CASE MANAGEMENT PLAN
UNDER RULE 26, FEDERAL RULES OF CIVIL PROCEDURE**

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

  Pursuant to agreement at the Rule 26(f) meeting and pursuant to Rule 26(a)(1) of the Federal Rules of Civil Procedure, Bill Dobson, d/b/a Dobson Excavating and Trucking, and John Albritton, (collectively referred to as the "Plaintiffs" unless otherwise noted) makes the following Joint Report of Meeting & Joint Discovery/Case Management Plan:

1.  State where and when the meeting of the parties required by Rule 26 was held, and identify the counsel who attended for each party.

  Attorneys V. Elizabeth Ledbetter, David Crago, and Mike Norman met February 23, 2000 by telephone conference. (Mr Howry was unavailable, but has called and agrees to the terms of this report.)

2. List the cases related to this one that are pending in any state or federal court, with the case number and court.

Temporary Guardianship of Jeremy Sean Wilson, an Incapacitated Person; Cause No. 000490-4; County Court at Law No. 4, Nueces County, State of Texas

3. <u>Briefly</u> describe what this case is about. The Plaintiffs have tendered policy limits of $1,000,000.00 for apportionment among claimants. The underlying facts of the accident are as follows:

On July 5, 1999, John Albritton was driving Dobson's eighteen wheeler rig south from Beeville, Texas, toward Skidmore, Texas. When Mr. Albritton slammed on his brakes to avoid a driver braking in front of him on a wet, slick roadway (which Defendants may dispute), his eighteen wheeler slid from his lane of traffic, and jack-knifed across the median and into oncoming, northbound traffic on U.S. Highway 181. Natalie Bredthauer, Jeremy Sean Wilson, and Krista Leigh Wilson were in a northbound car that ran up under the trailer of the eighteen wheeler rig. Natalie Bredthauer died, and Jeremy Sean Wilson and Krista Leigh Wilson suffered injuries. Jeremy Sean Wilson's injuries were to the head and were quite serious, though the exact extent of such injuries is unknown at this time. Jeremy Sean Wilson has returned to college, but his medical care may extend for some time into the future. Krista Leigh Wilson has returned to college and is pursuing her studies there. She has also married and her married name is Chaapel.

4. Specify the allegation of federal jurisdiction.

Diversity Jurisdiction. Plaintiffs reside in Alabama; all Defendants are citizens of Texas.

5. Name the parties who disagree and the reasons.

None known.

6. List anticipated additional parties that should be included, when they can be added and by whom they are wanted.

None known to Plaintiffs, except perhaps insurance companies connected to Defendants who may seek reimbursement, and "John Doe" driving the car which stopped rapidly in front of Mr. Albritton. Defendants anticipate naming additional parties including Holden Produce in Pharr, Texas; Fullen Transportation, Inc. (P.O. Box 10488, Memphis, Tennessee); Paccar, Inc. (served c/o Prentiss Hall Corporation Systems, 800 Brazos Street, Austin, Texas 78701); and Strick Trailer Corporation (225 Linsdon Highway, Fairless, Pennsylvania 19030). Defendants know of no additional parties at this time, though should any such parties arise, they should be named within sixty (60) days.

7. List anticipated interventions.

Medical providers and/or insurers may intervene.

8. Describe class-action issues.

None known.

9. State whether each party represents that it has made the initial disclosures required by Rule 26(a). If not, describe the arrangements that have been made to complete the disclosures.

The parties have made informal disclosures which are satisfactory to the parties at this time. The parties also anticipate exchanging further information within the next sixty (60) days.

10. Describe the proposed agreed discovery plan, including:

    A. Responses to all the matters raised in Rule 26(f).

The parties have made informal disclosures which are satisfactory to the parties at this time. The parties also anticipate exchanging further information within the next sixty (60) days.

B.  When and to whom the plaintiff anticipates it may send interrogatories.

None expected at this time due to the special nature of interpleader. However, should the interrogatories of Defendants require that the Plaintiff forward interrogatories, interrogatories will be prepared on or before June 15, 2000.

C.  When and to whom the defendants anticipate they may send interrogatories.

The Defendants may send additional discovery relative to additional party issues referenced in Item 6 above. The Defendants may also send interrogatories to determine the nature and extent of injuries and expense, as well as the nature and extent of insurance payments and subrogation interests. Such interrogatories will be forwarded on or before May 1, 2000.

D.  Of whom and by when the plaintiff anticipates taking oral depositions.

The Plaintiffs anticipate taking no oral depositions at this time as it is anticipated that Plaintiffs will be released upon agreement of the Defendants and/or by the Court.

E.  Of whom and by when the defendant anticipates taking oral depositions.

The Defendants have taken the oral depositions of Plaintiffs, Bill Dobson, John Albritton and Briana Dobson. Defendants anticipate taking additional depositions based upon discovery related to Item 6 (additional parties).

F.  When the plaintiff (or the party with the burden of proof on an issue) will be able to designate experts and provide the reports required by Rule 26(a)(2)(B), and when the opposite party will be able to designate responsive experts and provide their reports. The Plaintiffs anticipate making no expert designations at this time, as it is anticipated that Plaintiffs will be released upon agreement of the Defendants and/or by the Court. If designation is necessary, Defendants will designate by July 1, 2000; and Plaintiffs will designate by September 1, 2000.

G.  List experts depositions the plaintiff (or the party with the burden of proof on an issue) anticipates taking and their anticipated completion date. See Rule 26(a)(2)(B) (expert report).

The parties have retained experts and may retain additional experts although experts to date have not been declared as testifying experts. Defendants anticipate that potential additional parties may designate experts as well.

11. If the parties are not agreed on a part of the discovery plan, describe the separate views and proposals of each party.

The parties attending this conference have agreed upon the discovery plan; the attorney for Dr. Bredthauer has been provided a copy of this Conference Agreement and has no objection to this report.

12. Specify the discovery beyond initial disclosures that has been undertaken to date.

Depositions of Bill Dobson, John Albritton and Briana Dobson have been taken. Photographs of the vehicles have been taken. Experts have inspected the Plaintiffs' eighteen wheeler. Defendants have been provided with copies of the Plaintiffs' insurance policy and

income tax returns. Additional items have been identified during the course of deposition for production by Plaintiffs.

13. State the date the planned discovery can reasonably be completed.

    September 1, 2000 is the date scheduled by the Court but the Defendants anticipate requesting a new Scheduling Order after timely evaluation of Item 6 above and the joinder of additional parties.

14. Describe the possibilities for a prompt settlement or resolution of the case that were discussed in your Rule 26(f) meeting.

    The parties are willing to meet to discuss settlement.

15. Describe what each party has done or agreed to do to bring about a prompt resolution.

    Plaintiffs-Interpleaders have tendered the limits of their insurance policy, One Million and no/100 Dollars ($1,000,000.00), into the registry of the Court. The parties have agreed to meet to discuss settlement after initial discovery is complete.

16. From the attorneys' discussions with the client, state the alternative dispute resolution techniques that are reasonably suitable, and state when such a technique may be effectively used in this case.

    Plaintiffs and Defendants are amenable to mediation after the preliminary written discovery has been completed.

17. Magistrate judges may hear jury and non-jury trials. Indicate the parties' joint position on a trial before a magistrate judge.

    Parties do not consent to a trial before the magistrate *at this time*.

18. State whether a jury demand has been made and if it was made on time.

    No party has requested a jury at this time.

19. Specify the number of hours it will take to present the evidence in this case.

    It is undetermined at this time due to Item 6 above (joinder of parties).

20. List pending motions that could be ruled on at the initial pretrial and scheduling conference.

    Petitioners' Request for Injunction of State Court Activities: It is believed that Petitioners and Defendants will agree upon a cessation of State Court activity during the pendency of this Federal Court action. However, should such agreement not be reached prior to the hearing, the cessation of State Court issues could be ruled upon.

21. List other pending motions.

    Interpleader: Dismissal of Petitioners

22. Indicate other matters peculiar to this case, including discovery, that deserve the special attention of the Court at the conference.

    Plaintiffs-Intervenors have deposited funds in the amount of $1,000,000.00 with the clerk of this court and have requested that they be discharged from this lawsuit and relieved of all claims made by Defendants.

23. Certify that all parties have filed Disclosures of Interested Parties as directed in the Order of Conference and Disclosure of Interested Parties, listing the date of filing for original and any amendments.

    All parties have filed Disclosures of Interested Parties.

24. List the names, bar numbers, addresses, and telephone numbers of all counsel.

    See signatures below

Respectfully submitted,

_____

V. ELIZABETH LEDBETTER,
ATTORNEY IN CHARGE FOR
BILL DOBSON, D/B/A DOBSON EXCAVATING
AND TRUCKING AND JOHN ALBRITTON,
BRIANA DOBSON
615 No. Upper Broadway, Suite 2000
Corpus Christi, Texas 78477
Telephone: (361) 884-2800
Facsimile:  (361) 884-2822
State Bar No. 12104700
Southern District Bar No. 1624
Of Counsel:
SCHAUER, SIMANK & LEDBETTER, P.C.


_____
PAUL SWACINA, ATTORNEY IN CHARGE *by nel with permission*
FOR STAN WILSON, INDIVIDUALLY
AND AS GUARDIAN OF
JEREMY SEAN WILSON, AN
INCAPACITATED PERSON, AND
KRISTA WILSON
1202 Third Street
Corpus Christi, TX 78404
Telephone: (512) 881-9643
Facsimile: (512) 883-0506
State Bar No. 19542700
Southern District Bar No. 5924
Of Counsel:
David Crago
State Bar No. 04975260
Southern District Bar No. 13868
BRIN & BRIN

*Ted Powell by me by permission*

TED POWELL, ATTORNEY IN CHARGE
FOR ANASTASIA ROBSON,
INDIVIDUALLY AND AS ADMINISTRATRIX
OF THE ESTATE OF NATALIE BREDTHAUER
952 Echo Lane, St. 410
Houston, TX 77024
Telephone: 713-722-9233
Facsimile: 713-722-9433
State Bar No._____
Southern District Bar No._____
Of Counsel:
Ted Powell


*Randy Howry by me by permission*

RANDY HOWRY, ATTORNEY IN CHARGE
FOR DR. LARRY BREDTHAUER
1900 Pearl Street
Austin, TX 78705-5408
Telephone: (512) 474-7300
Facsimile: (512) 474-8557
State Bar No. 10121690
Southern District Bar No. 16184
Of Counsel:
HERMAN & HOWRY, L.L.P.