IN THE UNITED STATES DISTRICT COURT
IN AND FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| BILL DOBSON, d/b/a DOBSON EXCAVATING AND TRUCKING, and JOHN ALBRITTON<br>　　　Plaintiffs<br><br>VS.<br><br>STAN WILSON, Individually and as Guardian of JEREMY SEAN WILSON an Incapacitated Person KRISTA WILSON, ANASTASIA ROBSON, Individually, and as Administratrix of the Estate of NATALIE BREDTHAUER, Deceased and DR. LARRY BREDTHAUER<br>　　　Defendants | § § § § § § § § § § § § § | United States District Court<br>Southern District of Texas<br>FILED<br><br>MAR 0 6 2000<br><br>Michael N. Milby<br>Clerk of Court<br><br>CIVIL ACTION NO. C-00-003 |

## PETITIONERS' ANSWER TO COUNTERCLAIMS

TO THE HONORABLE JUDGE OF SAID COURT:

1.   COME NOW the Petitioners, BILL DOBSON, d/b/a DOBSON EXCAVATING AND TRUCKING, and JOHN ALBRITTON, and respond to the counterclaims filed against them and for such would show as follows:

### ANASTASIA ROBSON, INDIVIDUALLY AND AS ADMINISTRATRIX
### OF THE ESTATE OF NATALIE BREDTHAUER, DECEASED COUNTERCLAIM:

2.   Petitioners admit that Robson is a surviving parent and mother of Natalie Bredthauer, Deceased. It is admitted that Ms. Robson is a beneficiary of Natalie Bredthauer under the laws of the State of Texas, but Defendant denies that more than one beneficiary is entitled to bring independent claims.

20.

3. Petitioners admit the allegations of Paragraph 12.

4. Petitioners admit the allegations of Paragraph 13.

5. Petitioners deny that Counter-Defendant Albritton failed to maintain proper control of his tractor-trailer rig. All other matters of Paragraph 14 are admitted.

6. Counter-Defendants deny that the tractor-trailer rig was negligently maintained or that it was in defective condition at the time of the accident. Counter-Defendants deny that Dobson failed to have the tractor-trailer rig certified for use under the Department of Transportation regulations, and furthermore deny that Dobson failed to properly maintain the trailer brakes, that the brakes were defective, that the brakes were a producing cause of the accident, which allegedly caused the death of Natalie Bredthauer. Counter-Defendants further deny any failure to have tires on the tractor-trailer rig which would pass the Department of Transportation's rules and regulations. Other matters of Paragraph 15 are admitted.

7. Paragraph 16: Counter-Defendants deny that Albritton was negligent, and deny that he was operating a non-inspected or certified vehicle in the State of Texas. Counter-Defendants deny that Albritton was negligent in the operation of the tractor-trailer rig and they deny that he failed to maintain control of his vehicle.

8. Paragraph 17: Counter-Defendants deny negligent conduct in the operation of the vehicle involved in the accident and the negligent manner of the tractor-trailer rig which caused the accident. Counter-Defendants deny that their conduct posed an unreasonable risk of harm to Natalie Bredthauer. Counter-Defendants deny that their conduct was a proximate cause.

9. Counter-Defendants deny that they disregarded the presence of "ultra hazardous condition," deny that there was an ultra hazardous condition, and deny that the condition of the vehicle's tires and brakes created an ultra hazardous condition, deny that the tires and brakes were defective, and

deny any knowledge of a condition which would be considered defective. Counter-Defendants deny the allegations of Counter-Plaintiffs of total disregard, conscious indifference tantamount to gross negligence.

10. Counter-Defendants admit that Natalie Bredthauer was 21 years old at the time of her death, but have not received sufficient information to admit or deny whether she was in good physical health. It has been represented that she was a student at A & M University.

11. Counter-Defendants deny negligence and gross negligence, but admit that Mrs. Robson, as Representative of the Estate of Natalie Bredthauer is in a position to make claims for recovery of funeral and burial expenses, loss of society and companionship, mental anguish, grief and bereavement, and termination of the parent/child relationship.

12. Counter-Defendants deny negligence and/or gross negligence causing the death of Natalie Bredthauer, and deny damages as a result thereof in an amount of $5,000,000.00.

## DR. LARRY BREDTHAUER'S COUNTERCLAIM:

13. Petitioners admit that Bredthauer is a surviving parent and father of Natalie Bredthauer, Deceased. It is admitted that he is a beneficiary of Natalie Bredthauer under the laws of the State of Texas, but Defendant denies that more than one beneficiary is entitled to bring independent claims against Petitioners when one party is capable of representative capacity for all beneficiaries.

14. Petitioners admit the allegations of Paragraph 12.

15. Petitioners admit the allegations of Paragraph 13.

16. Petitioners deny that Counter-Defendant Albritton failed to maintain proper control of his tractor-trailer rig. All other matters of Paragraph 14 are admitted.

17. Counter-Defendants deny that the tractor-trailer rig was negligently maintained or that it was

in defective condition at the time of the accident. Counter-Defendants deny that Dobson failed to have the tractor-trailer rig certified for use under the Department of Transportation regulations, and furthermore deny that Dobson failed to properly maintain the trailer brakes, that the brakes were defective, that the brakes were a producing cause of the accident, which allegedly caused the death of Natalie Bredthauer. Counter-Defendants further deny any failure to have tires on the tractor-trailer rig which would pass the Department of Transportation's rules and regulations. Other matters of Paragraph 15 are admitted.

18. Counter-Defendants deny that Albritton was negligent, deny that he was operating a non-inspected or certified vehicle in the State of Texas. Counter-Defendants deny that Albritton was negligent in the operation of the tractor-trailer rig and they deny that he failed to maintain control of his vehicle.

19. Counter-Defendants deny negligent conduct in the operation of the vehicle involved in the accident and the negligent manner of the tractor-trailer rig which caused the accident. Counter-Defendants deny that their conduct posed an unreasonable risk of harm to Natalie Bredthauer. Counter-Defendants deny that their conduct was a proximate cause.

20. Counter-Defendants deny that they disregarded the presence of "ultra hazardous condition," deny that there was an ultra hazardous condition, and deny that the condition of the vehicle's tires and brakes created an ultra hazardous condition, deny that the tires and brakes were defective, and deny any knowledge of a condition which would be considered defective. Counter-Defendants deny the allegations of Counter-Plaintiffs of total disregard, conscious indifference tantamount to gross negligence.

21. Counter-Defendants admit that Natalie Bredthauer was 21 years old at the time of her death, but have not received sufficient information to admit or deny whether she was in good physical

health. It has been represented that she was a student at A & M University.

22.     Counter-Defendants deny negligence and gross negligence, but admit that Bredthauer, on behalf of Natalie Bredthauer, is in a position to make claims for recovery of funeral and burial expenses, loss of society and companionship, mental anguish, grief and bereavement, and termination of the parent/child relationship.

23.     Counter-Defendants deny negligence and/or gross negligence causing the death of Natalie Bredthauer, and deny damages as a result thereof in an amount of $5,000,000.00.

Respectfully submitted,

SCHAUER, SIMANK & LEDBETTER, P.C.
615 No. Upper Broadway, Suite 2000
Corpus Christi, Texas 78477
(361) 884-2800
(361) 884-2822 (FAX)

By: *V. Elizabeth Ledbetter*   *with permission*
V. Elizabeth Ledbetter    *James M. B__*
State Bar No. 12104700    # 14204275
Southern District Bar No. 1624
ATTORNEYS FOR PLAINTIFFS, BILL DOBSON,   #13870
D/B/A DOBSON EXCAVATING AND TRUCKING
AND JOHN ALBRITTON

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing instrument was served in the manner indicated below upon the following:

| | | |
|---|---|---|
| **VIA FACSIMILE 883-0506**<br>David Crago<br>Paul Swacina<br>BRIN & BRIN<br>1202 Third Street<br>Corpus Christi, TX 78404 | **VIA FACSIMILE (713) 722-9433**<br>Ted Powell<br>Mike Norman<br>952 Echo Lane, St. 410<br>Houston, TX 77024 | **VIA FACSIMILE (512) 474-8557**<br>Randy Howry<br>HERMAN & HOWRY, L.L.P.<br>1900 Pearl Street<br>Austin, TX 78705-5408 |

*V. Elizabeth Ledbetter* (signed)
V. Elizabeth Ledbetter   *with permission*
*Laura M. Bal* (signed)

March 3, 2000
Date