IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| BILL DOBSON, D/B/A DOBSON EXCAVATING AND TRUCKING and JOHN ALBRITTON | § § § § | |
| VS. | § § § | C.A. NO. C-00-003 |
| STAN WILSON, Individually and as Guardian of JEREMY SEAN WILSON an Incapacitated Person, KRISTA WILSON, ANASTASIA ROBSON, Individually, and as Administratix of the Estate of NATALIE BREDTHAUER, Deceased and DR. LARRY BREDTHAUER NATALIE BREDTHAUER, Deceased, and DR. LARRY BREDTHAUER, Defendants | § § § § § § § § | United States District Court Southern District of Texas FILED MAR 3 1 2000 MICHAEL N. MILBY CLERK |

## STAN WILSON, INDIVIDUALLY, AND AS GUARDIAN OF JEREMY WILSON, AND KRISTA WILSON'S FIRST AMENDED ANSWER AND COUNTERCLAIM

TO THE HONORABLE JUDGE OF SAID COURT:

### A. PARTIES

1.     Defendant/Counter Plaintiffs, Stan Wilson, Individually and as Guardian

of Jeremy Wilson, an incapacitated person, and Krista (Wilson) Chaapel, (formerly

Krista Leigh Wilson, now married)  Individually (hereinafter referred to collectively as

the Wilsons) admit that Interpleader-Plaintiffs/Counter Defendants Bill Dobson d/b/a

Dobson Excavating and Trucking (Dobson Trucking) and John Albritton (Albritton) are

-1-

citizens of the State of Alabama and take notice of their tender of One Million and No/100 Dollars($1,000,000.00), into the registry of the Court.

2.     Wilsons admit that Anastasia Robson and Dr. Larry Bredthauer are citizens of the State of Texas.  Wilsons admit that Stan Wilson, Jeremy Wilson and Krista (Wilson) Chaapel are citizens of the State of Texas.

## B. JURISDICTION: 28 U.S.C.§1332

3.     Wilsons admit jurisdiction is proper under 28 U. S.C. § 1332 and 28 U.S.C. §1335.

## C. THE PROPERTY

4.     Wilsons admit that the policy issued by John Deere, number CT760411-8098-981 in the amount of $1,000,000.00 is applicable to the occurrence made the basis of this interpleader action and Wilsons' counterclaim.  Wilsons deny that THE PROPERTY applicable to compensate them for their damages sustained as a result of the occurrence is the sole source of compensation to which they are entitled.

## D. THE CLAIMS

5.     Wilsons admit there are multiple claims against THE PROPERTY which have  been interplead into the registry of the Court.

6.     Wilsons admit that there are adverse interests and claims against THE PROPERTY tendered into the registry of the Court and this property is insuffcient to

CMPDF - www.texte.com

satisfy the damages for their claims standing alone and separate from the other defendants.

Wilsons admit that on July 5, 1999, John Albritton was driving a Dobson eighteen-wheel tractor-trailer rig owned by Dobson Trucking south from Beeville, Texas. Wilsons are without sufficient knowledge to know Albritton's destination; therefore that allegation is denied.

Wilsons deny Albritton slammed on his brakes to avoid a driver braking in front of him. Wilsons admit that Albritton lost control of his rig causing it to jack-knife. The out of control rig then crossed the median, and came to rest, blocking all lanes of traffic north-bound on U. S. Highway 181.

Wilsons admit that Natalie Bredthauer, Jeremy Sean Wilson and Krista (Wilson) Chaapel were occupants of the vehicle which collided with the truck.

## E. THE INTERPLEADER

7.      Wilsons deny that interpleader-plaintiffs have only the $1,000,000.00 insurance policy as the property to satisfy the multiple claims.

8.      The allegations contained in Paragraph No. 8 are admitted.

## F. OTHER PROCEEDINGS

9.      The allegations contained in Paragraph No. 9 are admitted except as to claims against interpleader-plaintiffs which are embodied in the Wilsons' counterclaim for affirmative relief.

## G. PRAYER

10.     Wilsons deny that Interpleader should be discharged from this lawsuit and be relieved from all claims against them  until  the extent of their liability is made certain.  Wilsons deny that there is a basis to restrain them from instituting an action in any other form.  Wilsons deny that Interpleader Plaintiffs are entitled to their costs and attorney's fees.

## COUNTERCLAIM

11.     Counter-Plaintiff, Stan Wilson is the duly appointed legal  Guardian of Jeremy Wilson, an incapacited person. As such, he has a statutory right to bring this claim on behalf of Jeremy Wilson under the laws of the State of Texas as set out in Cause No. 000490-4 currently pending in County Court at Law Number 4, Nueces County, Texas.

12.     Counter-Plaintiff Krista (Wilson) Chaapel is an individual who resides in the State of Texas and is authorized to bring this claim.

13.     Counter-Defendant William Dobson, individually and doing business as Dobson Excavating & Trucking (Dobson Trucking), is an individual doing business within the state of Texas and may be served   with citation by serving his attorney of record, Elizabeth Ledbetter c/o Davis & Wilkerson, P.O. Box 2283, Austin, Texas 78768-233.  No service is necessary at this time.

14.   Counter-Defendant John Arthur Albritton (Albritton) as an individual doing business in the state of Texas and may be served with citation by serving his attorney of record, Elizabeth Ledbetter c/o Davis & Wilkerson, P.O. Box 2283, Austin, Texas 78768-233.  No service is necessary at this time.

15.   On or about July 5, 1999, Albritton was driving southbound on Highway 181 in Bee County, Texas.  Albritton failed to maintain control of his tractor trailer rig.  Albritton's tractor trailer rig jack knifed and left his lane of travel and crossed the dividing median and came to a stop, blocking the north bound lanes of Highway 181.  At the same time that Albritton lost control of his truck, Jeremy Wilson, Natalie Bredthauer and Krista (Wilson) Chaapel were traveling northbound in Bredthauer's Nissan Maxima on Highway 181.  Their vehicle collided into the trailer causing catastrophic injuries to Jeremy Wilson,  Krista (Wilson) Chaapel and Natalie Bredthauer.  Natalie Bredthauer died at the scene of the accident.

16.   Albritton was an employee of Dobson Trucking at the time of the accident.  The tractor-trailer rig was owned and operated by the  Dobson Trucking. The tractor trailer rig was  in a defective condition at the time of the accident.  Dobson Trucking and Albritton failed to have the tractor trailer rig certified for use under the Department of Transportation regulations, failed to properly maintain the trailer brakes and failed to maintain control of the rig.  In addition, the truck and trailer were defective and were a producing cause of the injuries to Jeremy Wilson and Krista (Wilson) Chaapel and

death of Natalie Bredthauer. Such acts constitute negligence, negligence per se, gross negligence and were a proximate cause of the occurrence.

17.     Albritton was negligent in operating a non-inspected and non-certified vehicle in the state of Texas. Albritton was negligent in the operation of the tractor trailer rig by failing to maintain control of his vehicle causing injuries to Jeremy Wilson and Krista (Wilson) Chaapel and the death of Natalie Bredthauer. Such negligence and negligence per se and gross negligence were a proximate cause of the occurrence.

18.     Albritton and Dobson Trucking exercised total disregard to the presence of an ultra hazardous dangerous condition; the defective condition of the vehicle's tires, brakes, handling and trailer which they knew were defective. These Counter-Defendants embarked on a course of conduct which objectively and subjectively constitute malice. Such malicious conduct constitutes gross negligence and was a proximate cause of the occurrence.

19.     Jeremy Wilson was 20 years old at the time of his accident. He was in good physical health and a student at Texas A & M University. Jeremy Wilson suffered severe closed head injuries which have resulted in disabling and possibly permanent brain damage. As a result of such injuries, Jeremy Wilson has suffered past medical expense to date in the amount of at least $96,000.00. Jeremy Wilson has suffered damages, both in the past and in the future, which will continue to the end of his life as follows: loss of earning capacity, loss of physical and mental capacity, loss of earning capacity, physical

-6-

pain, disfigurement, disability, mental anguish. In addition, he has and may require reasonable and necessary hospital, medical, nursing and custodial care and other expenditures for the care and treatment of his injuries in the past and will continue to require in the future until the end of his life.

20.     Stan Wilson, individually and as Guardian of Jeremy Wilson would show that a result of the above and foregoing they have been damaged in the amount of Five Million and No/100 ($5,000,000.00) Dollars in actual damages and an additional amount of punitive damages as provided for by law, for which sums he here now sues.

21.     Krista (Wilson) Chaapel was 23 years old at the time of the accident. She was in good physical health and was a college student at Texas A & M University. As a result of this accident, Krista (Wilson) Chaapel suffered a severe facial fracture and multiple contusions to her entire body. Krista (Wilson) Chaapel has incurred, to date, total past medical damages in the amount of at least $17,922.00. Krista (Wilson) Chaapel has suffered damages, both in the past and in the future, which will continue to the end of her life as follows: loss of earning capacity, loss of physical capacity other than earning capacity, physical pain, mental anguish, the requirement for reasonable and necessary hospital, medical, nursing and custodial care and other expenditures for the care and treatment of her injuries which she has required in the past and will continue to require in the future until the end of his life.

22.     Krista (Wilson) Chaapel would show that a result of the above and

-7-

foregoing she has been damaged in the amount of Two Million and No/100 ($2,000,000.00) Dollars in actual damages and an addition for punitive damages as provided by law, for which sums she here now sues.

WHEREFORE, PREMISES CONSIDERED, Stan Wilson, Individually and as Guardian of Jeremy Wilson, an incapacitated person and Krista (Wilson) Chaapel, prays that the Counter-Defendants be cited in terms of law to appear and answer herein and that upon final trial hereof, Stan Wilson, individually and as guardian of Jeremy Wilson and Krista (Wilson) Chaapel, have judgment against the Counter-Defendants, jointly and severally, for Seven Million and No/100 ($7,000,000.00) Dollars in actual damages and an additional amount for punitive damages as provided by law, with prejudgment interest at the prevailing legal a rate, for post judgement interest at the prevailing legal rate, for costs of court, and for such other and further relief, special and general, at law and in equity, to which "Wilsons" may show themselves justly entitled.

Respectfully submitted,

By:_____Paul Swacina_____

**PAUL SWACINA**
Federal I.D. No. 5924
State Bar No.  19542700
ATTORNEY-IN-CHARGE
David Crago
Federal I.D. No. 13868
State Bar No. 04975260

OF COUNSEL:

**BRIN & BRIN P.C.**
1202 Third Street
Corpus Christi, TX  78404

CMPDF - www.fevia.com

Telephone: (512) 881-9643
Telecopier: (512) 883-0506

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the above and foregoing document has been forwarded to all attorneys of record, on this the 3|2⊥ of March, 2000 in accordance with the Federal Rules of Civil Procedure.


_____
Paul Swacina

**Via CMRR**
Ms. V. Elizabeth Ledbetter
c/o DAVIS & WILKERSON
P.O. Box 2283
Austin, Texas 78768-2283

**Via Regular Mail**
Mr. William T. Powell
Mr. Michael H. Norman
952 Echo Lane, Suite 410
Houston, TX 77024
Attorneys for Anastaia Robson as Administrator of the
Estatf Natatlie Bredthauer, Deceased

**Via Regular Mail**
Mr. Randy Howry
Herman & Howry, L.L.P.
1900 Pearl Street
Austin, TX 78705
Attorney for Dr. Larry Bredthauer