IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| BILL DOBSON, D/B/A DOBSON EXCAVATING AND TRUCKING and JOHN ALBRITTON | § § § § | |
| VS. | § § § | C.A. NO. C-00-003 |
| STAN WILSON, Individually and as Guardian of JEREMY SEAN WILSON an Incapacitated Person, KRISTA WILSON, ANASTASIA ROBSON, Individually, and as Administratix of the Estate of NATALIE BREDTHAUER, Deceased and DR. LARRY BREDTHAUER NATALIE BREDTHAUER, Deceased, and DR. LARRY BREDTHAUER, Defendants | § § § § § § § § § | United States District Court Southern District of Texas FILED MAR 31 2000 MICHAEL N. MILBY CLERK |

## ANASTASIA ROBSON, INDIVIDUALLY, AND AS ADMINISTRATRIX OF THE ESTATE OF NATALIE BREDTHAUER, DECEASED'S THIRD PARTY COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Defendants and Counter-Plaintiffs, Anastasia Robson, Individually and as Administratrix of the Estate of Natalie Bredthauer, Deceased, (Robson) and file this, her Third-Party Complaint against Third-Party Defendants, Strick Corporation and Paccar, Inc. (Strick and Paccar) and would show unto the Court as follows:

### A. Parties

1. Defendant and Counter/Plaintiff, Anastasia Robson, Individually and as Administratrix of the Estate of Natalie Bredthauer, Deceased is an individual who is a

1

citizen of the State of Texas.

2. Strick Corporation, Inc., is a Corporation organized and existing under the laws of the State of Delaware and may be served through its Registered Agent, Corporation Trust Company, 1209 Orange Street, Wilmington, DE 19801.

3. Paccar, Inc. is a corporation orgainzed and existing under the laws of the State of Delaware and maybe served through its Registered Agent, Prentice Hall Corporation Systems, 800 Brazos, Austin, Texas 78701.

### B. Jurisdiction: 28 U.S.C. §1335 "Interpleader" and 28 U.S.C. §1332 "Diversity"

4. At the time of this lawsuit, and all subsequent filings, Albritton and Dobson Trucking were citizens of the State of Alabama. Strick and Paccar are corporations organized under the laws of Delaware.

### C. Venue: 28 U.S.C. §1391

5. This cause of action arose in substantial part in Nueces County, Texas.

### D. Facts

6. On or about July 5, 1999, John Albritton was driving an eighteen-wheel tractor-trailer rig manufactured by Strick and Paccar for Dobson Trucking. He was traveling south on U.S. Highway 181 between Beeville, Texas and Skidmore, Texas. John Albritton claims that he "slammed on his brakes to avoid a driver braking in front of him on a wet, slick, roadway". As a result of his actions, his eighteen-wheel tractor-trailer rig jack-knifed out of control. It slid from the south bound lane of travel across the median and into the oncoming north bound lane of travel on U.S. Highway 181.

2

At the same time, three college students, Natalie Bredthauer, Jeremy Sean Wilson and Krista Lee Wilson, were north bound in the Bredthauer Nissan Maxima when the tractor-trailer rig suddenly and without warning entered and blocked their north bound lane of travel. Jeremy Sean Wilson, who was the driver of the vehicle, had no time to react to avoid the collision and the Bredthauer Nissan went under the tractor-trailer being driven by John Albritton. As a result of the impact on the roof of the Nissan vehicle, Natalie Bredthauer sustained catastrophic mortal injuries, Jeremy Sean Wilson sustained catastrophic disabling injuries and Krista Lee Wilson sustained severe injuries. Natalie Bredthauer died at the scene of the accident. Jeremy Sean Wilson sustained serious closed head injuries that required several weeks of hospitalization and resulted in a serious and potentially permanent closed head injury. The extent that these injuries will affect him in the future is not currently known with reasonable medical certainty. Krista Lee Wilson sustained serious injuries, was treated in the hospital, released and there is uncertainty as to the future of her injuries as well.

### E. Claims

#### (1) Trailer

7. Robson hereby alleges that the tractor-trailer, manufactured by Strick, was unreasonably dangerous and defective in its design and marketing. Strick is in the business of manufacturing trailers. The trailer made the basis of this lawsuit was unreasonably dangerous or defective at the time that it was marketed and placed in the stream of commerce by Strick.

3

8. Robson is relying on Rest. 3rd Torts: Products Liability §2, contend that Strick is engaged in the business of selling or otherwise distributing trailers and sold and/or distributed the defective trailer made the basis of this lawsuit and subject to liability for the harm it caused to the Robson by its defect. (Rest. 3rd Torts: Products Liability §1).

9. The trailer is defectively designed because the foreseeable risk of harm posed by the trailer could have been reduced or avoided by the adoption of a reasonable alternative design by the seller and/or other distributor, or a predecessor in a commercial chain of distribution. The omission of the reasonable alternative design renders the trailer not reasonably safe. (Rest. 3rd Torts: Products Liability §2).

10. The trailer is defective because of inadequate warnings or instructions because the foreseeable risk of harm posed by the trailer could have been reduced or avoided by the provision of reasonable instructions or warnings by the seller or other distributor, or a predecessor in the commercial chain of distribution, and the omission of the instructions or warnings renders the product not reasonably safe. (Rest. 3rd Torts: Products Liability §2).

11. Robson specifically plead that the defect in the trailer may be inferred because the harm sustained by the Robson was caused by a product defect existing at the time of the sale or distribution, because it failed to contain safer alternate design and/or guards because of the relatively low energy of the impact. Specifically:

 (a) at the time of this accident, without the defective design of the product, the injuries would have been relatively minor and; and

 (b) in this particular case, there were no other causes other than a product

4

defect existing at the time of the sale or distribution that were a producing cause of the Wilsons catastrophic injuries. (Rest. 3rd Torts: Products Liability §3).

12. Specifically, Robson alleges that the trailer in question was defective at the time of the commercial sale or other distribution and the defect was a substantial factor in increasing Robson harm beyond that which would have resulted from other causes. Defendants contend that specific proof supports a determination that the harm would not have resulted from other causes in the absence of the product defect and if the trailer had been properly designed. (Rest. 3rd Torts: Products Liability §16).

(2) Tractor

13. Robson hereby allege that the tractor which was manufactured by Paccar was unreasonably dangerous and defective in its design and marketing. Paccar is in the business of manufacturing tractors under the name "Kenworth". The tractor made the basis of this lawsuit was unreasonably dangerous or defective at the time that it was marketed and placed in the stream of commerce by Paccar.

14. Robson contends that Paccar is engaged in the business of selling or otherwise distributing tractors and did sell or distribute the defective tractor made the basis of this lawsuit and subject to liability for the harm it caused to Robson by its defect. (Rest. 3rd Torts: Products Liability §1).

15. The tractor contains a defective design because the foreseeable risk of harm posed by the tractor could have been reduced or avoided by the adoption of a reasonable alternative design by the seller or other distributor, or a predecessor in a commercial

chain of distribution. The omission of the alternative design renders the product not reasonably safe.

16. The trailer is defective because of inadequate warnings or instructions because the foreseeable risk of harm posed by the tractor could have been reduced or avoided by the provision of reasonable instructions or warnings by the seller or other distributor, or a predecessor in the commercial chain of distribution, and the omission of the instructions or warnings renders the product not reasonably safe. (Rest. 3rd Torts: Products Liability §2).

17. Robson specifically pleads that the defect may be inferred because the harm sustained by Robson was caused by a product defect existing at the time of the sale or distribution, because it failed to contain adequate design and/or warnings, specifically:

    (a)    the tractor jack-knifing as a result of Albritton's brakes ordinarily occurs as a result of a product defect; and

    (b)    in this particular case, was not the result of causes other than a product defect existing at the time of the sale or distribution. (Rest. 3rd Torts: Products Liability §3).

18. Natalie Bredthauer was 21 years old at the time of her death. She was in good physical health and a studen at Texas A & M University. At the time of her death, Natalie Bredthauer had a life expectancy of approximately 56.3 years according to the U.S. Life Tables of the United States Department of Health and Human Services, a certified copy of which will be offered at the trial of this case.

19. This lawsuit is brought for the recovery of those damages inflicted upon

6

Natalie Bredthauer prior to her death, tose medical expenses incurred in the past, physical pain and suffering and mental anguish, physical impairment, and conscious fear of impending death and a loss of the intellectual function. This lawsuit is also brought by Anastasia Robson, individually and as representative of the Estate of Natalie Bredthauer, for the recovery of funeral and burial expenses, loss of society and companionship, mental anguish, grief and bereavement, and the termination of the parent/child relationship.

20.  Robson individually and as representativee of the Estate of Natalie Bredthauer, Deceasedd, would show that a result of the above and foregoing they have been damaged in the amount of Five Million and No/1000 Dollars ($5,000,000.00) Dollars in actual damages and punitive damages as provided by law, for which sums she here now sues. All the damages were occurred as a direct and proximate result of the negligent conduct of Counter-Defendant William Dobson, individually and doing business as Dobson Excavating & Trucking and Counter-Defendant, John Arthur Albritton.

WHEREFORE, PREMISES CONSIDERED, Anastasia Robson, individually and as the representative of the Estate of Natalie Bredthauer, Deceased, prays that the upon final trial hereof, Robson individually and as representative of the Estate of Natalie Bredthauer, Deceased, have judgment against the Counter-Defendant, jointly and severally for Five Million and No/1000 ($5,000,000.00) Dollars in actual damages and punitive damages as provided by law, with prejudgment interest at the prevailing legal

rate for post judgment interest at the prevailing legal rate, for costs of court, and for such other and further relief, special and general, at law and in equity, to which Robson may show herself justly entitled.

Respectfully submitted,

By: ___Paul Sw____
For WILLIAM T. POWELL
Federal I.D. No. 2973
State Bar No. 1620680
MICHAEL H. NORMAN
State Bar No. 15081300
952 Echo Lane, Suite 410
Houston, Texas 77024
Telephone: (713) 722-8700

OF COUNSEL:

**NORMAN & POWELL**
952 Echo Lane, Suite 410
Houston, Texas 77024
Telephone: (713) 722-8700

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the above and foregoing document has been forwarded to all attorneys of record, on this the 31st of March, 2000 in accordance with the Federal Rules of Civil Procedure.

___Paul Sw____
For William T. Powell

**Via CMRR**
Ms. V. Elizabeth Ledbetter
c/o DAVIS & WILKERSON
P.O. Box 2283
Austin, Texas 78768-2283

8

**Via Regular Mail**
Mr. Paul Swacina
1202 Third Street
Corpus Christi, Texas 78404
Stan Wilson, Individually and as
Guardian of Jeremy Wilson and Krista
Wilson

**Via Regular Mail**
Mr. Randy Howry
Herman & Howry, L.L.P.
1900 Pearl Street
Austin, TX 78705
Attorney for Dr. Larry Bredthauer

9