United States District Court
Southern District of Texas
FILED

AUG 22 2000

Michael N. Milby, Clerk

IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| BILL DOBSON, d/b/a DOBSON EXCAVATING AND TRUCKING and JOHN ALBRITTON<br><br>VS.<br><br>STAN WILSON, individually and as Guardian of JEREMY SEAN WILSON an Incapacitated Person Individually and as Administratix of the Estate of NATALIE BREDTHAUER Deceased and DR. LARRY BREDTHAUER, NATALIE BREDTHAUER, Deceased and DR. LARRY BREDTHAUER<br><br>VS.<br><br>STRICK CORPORATION and PACCAR, INC. | § § § § § § § § § § § § § § § § § § § § § | C.A. NO. C.00.003<br><br>**JURY DEMAND** |

## THIRD-PARTY DEFENDANT STRICK CORPORATION'S ORIGINAL ANSWER TO THIRD-PARTY COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

STRICK CORPORATION, Third-Party Defendant files this Original Answer to the Third-Party Complaint of STAN WILSON, INDIVIDUALLY AND AS GUARDIAN OF JEREMY WILSON AND KRISTA WILSON, for cause stating as follows:

### A. RESPONSE TO THIRD PARTY COMPLAINT

1.  Strick Corporation has no knowledge other than allegations made in the Third-Party Complaint regarding the capacity of the Third-Party Plaintiffs or their residence,

Strick Corp's Original Answer

1

therefore, can neither admit nor deny the allegations of allegations of Paragraph 1 of the Third-Party Complaint, to the extent an answer is required.

2. Strick Corporation has no knowledge other than allegations made in the Third-Party Complaint regarding the capacity of the Third-Party Plaintiffs or their residence, therefore, can neither admit nor deny the allegations of allegations of Paragraph 2 of the Third-Party Complaint, to the extent an answer is required.

3. The allegations of Paragraph 3 of the Third-Party Complaint are admitted.

4. Third-Party Defendant has no information upon which to base admission or denial of the allegations of Paragraph 4 of the Third-Party Complaint.

5. Strick Corporation can neither admit nor deny the allegations of Paragraph 5, except to admit that Strick Corporation is organized under the Laws of Delaware.

6. Third-Party Defendant denies the allegations of Paragraph 6 of the Third-Party Complaint.

7. Third-Party Defendant has no knowledge of the accident described in Paragraph 7 of Third-Party Complaint therefore can neither admit nor deny the allegations of Paragraph 7 of the Third-Party Complaint.

8. With regard to Paragraph 8 of the Third-Party Complaint this Third-Party Defendant denies that Strick manufactured the tractor/trailer. Strick admits that it is in the business of manufacturing trailers, has no information upon which to admit or deny that the trailer involved in the alleged accident was manufactured by Strick but denies that it marketed

and placed in the stream of commerce a trailer which was unreasonably dangerous or defective.

9. Third-Party Defendant denies the allegations of Paragraph 9 of the Third-Party Complaint.

10. Third-Party Defendant denies the allegations of Paragraph 10 of the Third-Party Complaint.

11. Third-Party Defendant denies the allegations of Paragraph 11 of the Third-Party Complaint.

12. Third-Party Defendant denies the allegations of Paragraph 12 of the Third-Party Complaint.

13. Third-Party Defendant denies the allegations of Paragraph 13 of the Third-Party Complaint.

14. The Third-Party Defendant Strick has no information upon which to base admission or denial of the allegations of Paragraph 14 of the Third-Party Complaint.

15. The Third-Party Defendant Strick has no information upon which to base admission or denial of the allegations of Paragraph 15 of the Third-Party Complaint.

16. The Third-Party Defendant Strick has no information upon which to base admission or denial of the allegations of Paragraph 16 of the Third-Party Complaint.

17. The Third-Party Defendant Strick has no information upon which to base admission or denial of the allegations of Paragraph 17 of the Third-Party Complaint.

18. The Third-Party Defendant Strick has no information upon which to base admission or denial of the allegations of Paragraph 18 of the Third-Party Complaint.

19. Third-Party Defendant Strick denies the allegations of Paragraph 19 of the Third-Party Complaint as they apply to Strick but can neither admit nor deny those allegations as they relate to Third-Party Defendant Pacaar.

20. The Third-Party Defendant Strick can neither admit nor deny the allegations of Paragraph 20 of the Third-Party Complaint.

21. The Third-Party Defendant Strick can neither admit nor deny the allegations of Paragraph 21 of the Third-Party Complaint.

22. The Third-Party Defendant Strick can neither admit nor deny the allegations of Paragraph 23 of the Third-Party Complaint.

23. The Third-Party Defendant Strick can neither admit nor deny the allegations of Paragraph 23 of the Third-Party Complaint.

## B. DEFENSES AND CROSS COMPLAINT

Third-Party Defendant Strick has no information regarding the accident other than the allegations of the Third-Party Complaint. Those allegations make it likely that a further understanding of the facts will show the necessity to assert defenses to the cause of action stated in the Third-Party Complaint and/or to assert cross-actions or third-party actions that Third-Party Defendant cannot now know about. Third-Party Defendant gives notice that it will hereafter seek to assert defenses or third-party actions such as appear proper.

WHEREFORE PREMISES CONSIDERED, Third-Party Defendant Strick Corporation prays that Plaintiffs and Third-Party Plaintiffs take nothing by their suit and that Strick Corporation recover costs, and for such other and general relief as the Court may deem appropriate in the interest of justice and equity.

Respectfully submitted,

By: _____
DOUGLAS E. CHAVES
Attorney-in-Charge for Defendant
STRICK CORPORATION
Federal I.D. No. 1895
State Bar No. 04161400
2000 Frost Bank Plaza
802 N. Carancahua
Corpus Christi, Texas 78470
(361) 888-9392 - telephone
(361) 888-9187 - facsimile

Of Counsel:

James W. Wray, Jr.
Federal I.D. No. 663
State Bar No. 00786045
CHAVES, GONZALES, & HOBLIT, L.L.P.
2000 Frost Bank Plaza
802 N. Carancahua
Corpus Christi, TX 78470
(361) 888-9392 - telephone
(361) 888-9187 - facsimile

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing instrument has been served upon all counsel of record to this proceeding by the manner indicated below, on this 22nd day of August, 2000.

**Certified Mail/RRR:**

Ms. V. Elizabeth Ledbetter
DAVIS & WILKERSON
P.O. BOX 2283
AUSTIN, TEXAS  78768-2283

Mr. Paul Swacina
BRIN & BRIN
1202 THIRD STREET
CORPUS CHRISTI, TEXAS  78404

Mr. William T. Powell
Mr. Michael H. Norman
952 ECHO LANE, SUITE 410
HOUSTON, TEXAS  77024

Mr. Randy Howry
HOWRY & HOWRY, LLP
1900 PEARL STREET
AUSTIN, TEXAS  78705

_____
Douglas E. Chaves