IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| BILL DOBSON, D/B/A DOBSON EXCAVATING AND TRUCKING AND JOHN ALBRITTON | § § § § § | |
| Plaintiff | § § | |
| V | § § § | |
| STAN WILSON, Individually and as Guardian of JEREMY SEAN WILSON an Incapacitated Person, KRISTA WILSON, ANASTASIA ROBSON, Individually and as Administratix of the Estate of NATALIE BREDTHAUER, Deceased and DR. LARRY BREDTHAUER NATALIE BREDTHAUER, Deceased and DR. LARRY BREDTHAUER | § § § § § § § § § § | CA NO. C-00-003 |
| Defendants | § § | |

**PACCAR, INC.'S CORRECTED REPLY TO STAN WILSON, INDIVIDUALLY AND AS GUARDIAN OF JEREMY SEAN WILSON AN INCAPACITATED PERSON AND KRISTA WILSON'S THIRD PARTY COMPLAINT**

TO THE HONORABLE JUDGE OF THE UNITED STATES DISTRICT COURT:

PACCAR, INC. files its Corrected Reply to Stan Wilson, Individually and as Guardian of Jeremy Sean Wilson, an Incapacitated Person and Krista Wilson's Third Party Complaint and would show the Court the following:

1.      PACCAR, INC. files this corrected reply to advise the Court of the Southern District of Texas Bar Number for Larry D. Warren. That bar number 13994. Furthermore, this corrected reply is to designate Larry D. Warren as the attorney in charge under local rule 11.3 previously styled local rule 2.C.1.b.

49.

2. Defendant admits the allegations contained in Paragraph 1 of the Third Party Complaint.

3. Defendant admits the allegations contained in Paragraph 2 of the Third Party Complaint.

4. Defendant admits the allegations contained in Paragraph 3 of the Third Party Complaint.

5. Defendant admits the allegations contained in Paragraph 4 of the Third Party Complaint.

6. Defendant is unable to admit the citizenship of Albritton and Dobson Trucking. Defendant cannot admit whether Strick is incorporated under the Laws of Delaware. Defendant admits that PACCAR, Inc. is organized under the Laws of the State of Delaware.

7. Defendant denies the allegations contained in Paragraph 6 of the Third Party Complaint because Defendant does not have sufficient information to allow it to admit or deny this allegation.

8. Defendant denies the allegations contained in Paragraph 7 of the Third Party Complaint.

9. Defendant denies the allegations contained in Paragraph 8 of the Third Party Complaint.

10. Defendant denies the allegations contained in Paragraph 9 of the Third Party Complaint.

11. Defendant denies the allegations contained in Paragraph 10 of the Third Party Complaint.

12. Defendant denies the allegations contained in Paragraph 11 of the Third Party Complaint.

13. Defendant denies the allegations contained in Paragraph 12 of the Third Party Complaint.

14. Defendant denies the allegations contained in Paragraph 13 of the Third Party Complaint.

15. Defendant denies the allegations contained in Paragraph 14 of the Third Party Complaint.

16. Defendant denies the allegations contained in Paragraph 15 of the Third Party Complaint.

17. Defendant denies the allegations contained in Paragraph 16 of the Third Party Complaint.

18. Defendant denies the allegations contained in Paragraph 17 of the Third Party Complaint.

19. fendant denies the allegations contained in Paragraph 18 of the Third Party Complaint.

20. fendant denies the allegations contained in Paragraph 19 of the Third Party Complaint.

21. Defendant denies the allegations contained in Paragraph 20 of the Third Party Complaint.

22. Defendant denies the allegations contained in Paragraph 21 of the Third Party Complaint.

23.  Defendant denies the allegations contained in Paragraph 22 of the Third Party Complaint.

24.  Defendant denies the allegations contained in Paragraph 23 of the Third Party Complaint.

25.  Defendant denies the allegations contained in the conclusory prayer of the Third Party Complaint.

**AFFIRMATIVE DEFENSES**

I

PACCAR, Inc. would show the Court that at the time and on the occasion in question, Stan Wilson, Individually and as Guardian of Jeremy Sean Wilson an Incapacitated Person, Krista Wilson, Anastasia Robson, Individually, and as Administratix of the Estate of Natalie Bredthauer, Deceased and Dr. Larry Bredthauer, Natalie Bredthauer, Deceased, and Dr. Larry Bredthauer, failed to use that degree of care that would have been used by persons of ordinary prudence under the same or similar circumstances and such negligence was the sole proximate cause and/or sole producing cause and/or proximately contributed to cause, the accident in question and any injuries or damages which plaintiffs allege to have sustained.

II

PACCAR, Inc. further alleges that the Kenworth Truck in question was not defectively designed, manufactured, or marketed, and was not a proximate cause or producing cause of the accident in question, or of the injuries claimed.

276427.01                                    4

### III

PACCAR, Inc. denies that it breached any type of warranty, which may have caused the alleged damages to the plaintiffs.

### IV

PACCAR, Inc. respectfully reserves the right to amend its answer subject to obtaining leave of this court, at such time as discovery and investigation have been completed.

### V

PACCAR, Inc. respectfully demands that a jury be impaneled to try the factual issues in this action.

### VI

PACCAR, Inc. states that the Statute of Limitations has run on all causes of action for breaches of warranty.

### VII

PACCAR, Inc. avers that the Third Party Complaint in all counts, fails to state a claim upon which relief can be granted against PACCAR, Inc. and therefore, should be dismissed.

### VIII

PACCAR, Inc. avers that the subject vehicle was altered and/or substantially modified after it left the hands of PACCAR, Inc. and therefore, the claims against PACCAR, Inc. are barred.

276427 01

5

## IX

PACCAR, Inc. avers that the subject vehicle was manufactured and sold in accordance with the state of the art and in compliance with and in conformity to administrative industry, regulatory, or statutory standards or schemes which were applicable to the subject vehicle at the time of its manufacture and sale.

## X

PACCAR, Inc. avers that the subject vehicle is manufactured and sold in accordance with the State of the Art and in compliance with and in conformance to applicable statutes, regulations, requirements, and mandates that govern the vehicle at the time of the manufacture and sale and accordingly, plaintiffs claims are barred by the Doctrine of Federal Preemption.

## XI

PACCAR, Inc. states that the imposition of punitive damages against it in this cause would be fundamentally unfair and would violate the Constitution of the United States and the Constitution of the State of Texas in the following respects:

 a. Due process requires proof of gross negligence and punitive damages by a standard greater than "the preponderance of the evidence" standard. Due process requires proof of such claims by at least a clear and convincing standard of proof.

 b. The assessment of punitive damages, a remedy that is essentially criminal in nature, without safeguards greater than that afforded by the Texas Civil Procedure and Law, constitutes infliction of a criminal penalty without the safeguards guaranteed by the Fifth, Sixth, and Fourteenth Amendments of the Constitution of the United States.

c.  Any award of punitive damages under Texas law without bifurcating the trial and trying all punitive damages issues, only if and after liability on the merits has been found, would violate the defendant's due process rights guaranteed by the Fourteenth Amendment of the United States Constitution and the due process provisions of the Texas Constitution and would be improper under common law and public policies of the State of Texas.

d.  An award of punitive damages under Texas law by a jury that: (a) is not provided standards of sufficient clarity for determining the appropriateness and the appropriate size, of a punitive damage award; (b) is not adequately instructed on the limits of punitive damages imposed by Texas law and well-defined principles of deterrence and punishment; and (c) is not expressly prohibited from awarding punitive damages, in whole or in part, on the basis of invidiously discriminatory characteristics, including the wealth and corporate status of defendant, would violate defendant's due process rights guaranteed by the Fourteenth Amendment of the United States Constitution and the due process provisions of the Texas Constitution and would be improper under common law and public policies of the State of Texas.  The due process error is compounded by the inadequacies of the appellate process in Texas to correct an erroneous award of punitive damages or to correct an excessive award.

e.  The amount of punitive damages sought is unconstitutionally excessive and disproportionate to Defendant's conduct under the United States Constitution, and thus violates the Due Process Clause of the Fourteenth Amendment, United States Constitution, Amendment XIV, Section 1 and the Due Process Clause of the Texas State Constitution.

276427 01

7

f.   An award of punitive damages resulting from the same course of conduct for which the defendant has been or may be found liable for punitive damages in another action violates the Due Process Clause of the Fourteenth Amendment of the United States Constitution, and the Due Process Clause of the Texas State Constitution.

g.   Defendant fully complied with or exceeded all applicable public laws specifically defining reasonable safety and/or design standards' therefore, fundamental fairness and the Due Process Clause of the Fourteenth Amendment of the United States Constitution and the Due Process Clause of the Texas State Constitution prohibit the recovery of punitive damages.

WHEREFORE, PREMISES CONSIDERED, PACCAR, INC. respectfully prays plaintiffs have and recover nothing of and from this Defendant, and that this Defendant recover its cost. Defendant further respectfully prays for other relief to which it may be entitled.

Respectfully submitted,

By: _____
LARRY D. WARREN
SD No. 13994
State Bar No. 20888450
ATTORNEY-IN-CHARGE
(210) 731-6350   (Direct Line)

**ATTORNEY FOR DEFENDANT, PACCAR, INC.**

276427 01

8

OF COUNSEL:

BALL & WEED
A Professional Corporation
Trinity Plaza II, Suite 500
745 East Mulberry
San Antonio, Texas 78212
(210) 731-6300
(210) 731-6499 (Telecopier)

## CERTIFICATE OF SERVICE

On the 31st day of August 2000, a true and correct copy of the foregoing document has been mailed to:

Mr. Paul Swancia
Mr. David Crago
Brin & Brin, P.C.
1202 Third Street
Corpus Christi, TX 78404
**ATTORNEYS FOR STAN WILSON, INDIVIDUALLY AND
AS GUARDIAN OF JEREMY WILSON AND KRISTA WILSON**

Ms. V Elizabeth Ledbetter
Davis & Wilkerson
P.O. Box 2283
Austin, Texas 78768-2283

Mr. William T. Powell
Mr. Michael H. Norman
Attorneys at Law
952 Echo Lane, Suite 410
Houston, Texas 77024
**ATTORNEYS FOR ANASTAIA ROBSON AS ADMINISTRATIX OF THE
ESTATE OF NATALIE BREDTHAUER, DECEASED**

276427 01

9

Mr. Randy Howry
Herman & Howry, LLP
1900 Pearl Street
Austin, Texas 78705
**ATTORNEYS FOR DR. LARRY BREDTHAUER**

_____
LARRY D. WARREN

276427.01

10