IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

BILL DOBSON, D/B/A DOBSON          §
EXCAVATING AND TRUCKING
and JOHN ALBRITTON

United States District Court
Southern District of Texas
FILED

OCT 16 2000

MICHAEL N. MILBY CLERK

VS.                               §          C.A. NO. C-00-003

STAN WILSON, Individually and as Guardian
of JEREMY SEAN WILSON an Incapacitated
Person, KRISTA WILSON, ANASTASIA
ROBSON, Individually, and as Administratix
of the Estate of NATALIE BREDTHAUER,
Deceased and DR. LARRY BREDTHAUER
NATALIE BREDTHAUER, Deceased, and
DR. LARRY BREDTHAUER,             §
        Defendants

THIRD PARTY PLAINTIFFS' JOINT REPORT OF THE MEETING
& JOINT DISCOVERY/CASE MANAGEMENT PLAN
UNDER RULE 26, FEDERAL RULES OF CIVIL PROCEDURE

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

Rule 26,F.R.C.P.is applicable in this district and division. This rule provides for

required disclosures and discovery planning.  The parties are ordered to familiarize

themselves with Rule 26 and to prepare a report of their meeting and a case management

plan required by that Rule.

Pursuant to agreement the  Rule 26(f) meeting and pursuant to Rule 26(a)(1) of

the Federal Rules of Civil Procedure, Jeremy Wilson, Krista Wilson Chaapel, Anastasia

Robson, Individually and as Administratrix of the Estate of Natalie Bredthauer, Deceased

-1-

and Dr. Larry Bredthauer, (herein collectively referred to as the "Third Party Plaintiffs") unless otherwise noted) makes the following Joint Report of Meeting & Joint Discovery/Case Management Plan:

1.    State where and when the meeting of the parties required by Rule 26 was held, and identify the counsel who attended for each party.

> Attorneys Paul Swacina, Mike Norman, Randy Howry, Gary Laws for Doug Chaves and Donna Funderburg for Larry Warren met by telephone conference on October 10, 2000.

2.    List the cases related to this one that are pending in any state or federal court, with the case number and court.

> None, the Temporary Guardianship has been dissolved.

3.    Briefly describe what this case is about. The Plaintiffs (Dobsons have tendered policy limits of $1,000,000.00 which will be apportioned the Third Party Plaintiffs. The underlying facts of the accident are as follows:

> On July 5, 1999, John Albritton was driving Bill Dobson's eighteen wheel tractor manufactured by PACCAR, Inc. and towing a Strick trailer south from Beeville, Texas, towards Skidmore, Texas. When Mr. Albritton slammed on his brakes to allegedly avoid a driver braking in front of him on a wet, slick roadway, the eighteen wheeler slid from its lane of traffic, and jack-knifed across the median and into oncoming, northbound traffic on Highway 181. Natalie Bredthauer, Jeremy Sean Wilson, and Krista Leigh Wilson Chaapel, were in a northbound car that ran up under the Strick trailer being towed by the eighteen wheeler rig. Natalie Bredthauer was killed at the scene. Jeremy Sean Wilson and Krista Leigh Wilson Chaapel suffered injuries.   Third Party Plaintiffs are bringing personal injury and wrongful death actions against the Third Party Defendant, Strick Corporation and  PACCAR, Inc.  for alleged products liability.

4.    Specify the allegation of federal jurisdiction.

> Diversity Jurisdiction. Third Party Plaintiffs are citizens of Texas.  Third Party Defendants are foreign corporations.

5.   Name the parties who disagree and the reasons.

     Federal jurisdiction is not contested.

6.   List anticipated additional parties that should be included, when they can be added and by whom they are wanted.

     None known.

7.   List anticipated interventions.

     None asserted.

8.   Describe class-action issues.

     None known.

9.   State whether each party represents that it has made the initial disclosures required by Rule 26(a). If not, describe the arrangements that have been made to complete the disclosures.

     The following arrangements have been made to complete the disclosures:

     Initial Disclosures will be completed by December 1, 2000.

10.  Describe the proposed agreed discovery plan, including:

     A.   Responses to all the matters raised in Rule 26(f)

          Third Party Plaintiffs and Third Party Defendants initial disclosures will be completed by December 1, 2000.

     B.   to whom the plaintiff anticipates it may send interrogatories.

     The Third Party Plaintiffs (Wilsons) intend to send written discovery to Third Party Defendants, Strick Corporation and PACCAR, Inc. on or before December 1, 2000.

-3-

The Third Party Plaintiffs (Robson) intend to send written discovery to Third Party Defendants, Strick Corporation and PACCAR, Inc. on or before December 1, 2000.

The Third Party Plaintiffs (Bredthauer) intend to send written discovery to Third Party Defendants, Strick Corporation and PACCAR, Inc. on or before December 1, 2000.

C. When and to whom the defendant anticipates it may send interrogatories.

Third Party Defendant, Strick Corporation intends to send written discovery to the Third Party Plaintiffs on or before December 1, 2000.

Third Party Defendant, PACCAR, Inc. intends to send written discovery to the Third Party Plaintiffs on or before December 1, 2000.

D. Of whom and by when the plaintiff anticipates taking oral depositions.

The Third Party Plaintiffs anticipate taking the depositions of the corporate representatives and other employees of the Third Party Defendants, Strick Corporation and PACCAR, Inc., the investigating officers, ambulance and emergency room personnel, the expert who inspected the tractor and trailer for the Dobson, medical care providers to the Third Party Plaintiffs, and any others who were revealed by investigation or discovery to have relevant knowledge of facts bearing on liability or damages, such depositions to be completed or before March 2, 2001.

E.    Of whom and by when the defendant anticipates taking, oral depositions.

The Third Party Defendants, PACCAR, Inc. and Strick Corporation anticpate taking the depositions of the Third Party Plaintiffs, John Albritton, the investigating officers, ambulance and emergency room personnel, Brian Charles, the expert who inspected the tractor and trailer for the Dobson, medical care providers to the Third Party Plaintiffs, and any others who were revealed by investigation or discovery to have relevant knowledge of facts bearing on liability or damages, such depositions to be completed or before March 2, 2001.

F.  When the plaintiff (or the party with the burden of proof on an issue) will be able to designate experts and provide the reports required by Rule 26(a)(2)(B) and when the opposite party will be able to designate responsive experts and provide their reports.

The Third Party Plaintiffs will file their designation of experts and will provide their reports on or before January 1, 2001.

The Third Party Defendant will file their designation of experts and will provide their reports on or before January 30, 2001.

G.  Depositions, the plaintiff (or the party with the burden of proof on an issue) anticipates taking and their anticipated completion date. See Rule 26(a)(2)(B)(expert report).

The Third Party Plaintiffs anticipate the taking the depositions of any experts listed by the Third Party Defendants by April 1, 2001.

The Third Party Defendant anticipate the taking the depositions of any experts listed by the Third Party Plaintiffs by April 1, 2001.

11.  If the parties are not agreed on a part of the discovery plan, describe the separate views and proposals of each party.

The parties have agreed on the discovery plan.

12.  Specify the discovery beyond initial disclosures that has been undertaken to date.

Some has been undertaken to date. Photographs have been taken of the vehicles. Experts have inspected the Dobsons' eighteen wheeler. Defendants have been provided with copies of the Plaintiffs' insurance policy, and income tax returns. Depositions have been taken of Bill Dobson, Briana Dobson and John Albritton.

The interpleader filed by the Dobson parties is in the process of being resolved.

13.  State the date the planned discovery can reasonably be completed:

May 1, 2001.

14.   Describe the possibilities for a prompt settlement or resolution of the case that were discussed in your Rule 26(f) meeting.

The parties are willing to meet to discuss settlement. Settlement demands are been sent to the Third Party Defendants, Paccar and Strick.

15.   Describe what each party has done or agreed to do to bring about prompt resolution.

The parties have agreed to meet to discuss settlement after initial discovery is complete on before May 1, 2001.

16.   From the attorneys' discussions with the client, state the alternative dispute resolution techniques that are reasonably suitable, and state when such a technique may be effectively used in this case.

Third Party Plaintiffs and Third Party Defendants are amenable to mediation after the preliminary written discovery has been completed.

17.   Magistrate judges may hear jury and non-jury trials. Indicate the parties' joint position on a trial before a magistrate judge.

The parties are unable to consent to a trial before the magistrate.

18:   State whether a jury demand has been made and if it was made on time.

A jury demand has been made.

19.   Specify the number of hours it will take to present the evidence in this case.

Approximately thirty to forty hours.

20.   List pending motions that could be ruled on at the initial pretrial and scheduling conference.

Interpleader filed by the Dobson Plaintiffs.

A Motion to Dismiss Plaintiffs, Dobson and Albritton will be filed and will be Agreed Order will be signed by the appropriate parties.

A Motion to Disburse Funds from the Registry of the Court will be filed and an Agreed Order signed by the appropriate parties.

A Motion to Realign the parties will be filed and an Agreed Order signed by all parties.

Third Party Defendant, PACCAR, Inc. has filed a Motion for More Definitive Statement and will be filing a Motion for Leave to File a Cross Claim for Chapter 33 Contribution against Plaintiffs, Dobson and Albritton.  Third Party Plaintiffs have agreed to amend their pleadings.

21.    List other pending motions.

Currently, there are no other motions pending.

22.    Indicate other matters peculiar to this case, including discovery that deserve the special attention of the Court at the conference.

Plaintiffs-Intervenors have deposited funds in the amount of $1,000,000.00 with with the clerk of this court and have requested that they be discharged from this lawsuit and relieved of all claims made by Defendants.

23.    Certify that all parties have filed  Interested Parties as directed in the Order of Conference and Disclosure of Interested Parties, listing the date of filing for original and any amendments.

All parties have filed Disclosures of Interested Parties.

24.  List the names, bar numbers, addresses and telephone numbers of all counsel.


_____*Paul Swacina*_____

ATTORNEYS FOR STAN WILSON, INDIVIDUALLY
AND AS GUARDIAN OF JEREMY SEAN WILSON,
AN INCAPACITATED PERSON, AND
KRISTA WILSON CHAAPEL,
Paul Swacina
Federal I.D. No. 5924
State Bar No. 19542700
Brin & Brin
1202 Third Street
Corpus Christi, TX 78404
Telephone: (512) 881-9643
Facsimile: (512) 883-0506
SBN:

*1 0 -13-2000*
_____
Date


_____*/s/ by permission*_____

ATTORNEYS FOR ANASTASIA ROBSON,
INDIVIDUALLY AND AS ADMINISTRATRIX
OF THE ESTATE OF NATALIE BREDTHAUER
Mike Norman
State Bar No. 15081300
952 Echo Lane, St. 410
Houston, TX 77024
Telephone: 713-722-9233
Facsimile: 713-722-9433

*10·13-2000*
_____
Date


-8-

*/s/ w/ permission by Paul Swan*        10-13-2000
ATTORNEYS FOR LARRY BREDTHAUER          Date

Randy Howry
State Bar No. 10121690
HERMAN & HOWRY, L.L.P.
1900 Pearl Street
Austin, TX 78705-5408
Telephone: (512) 474-7300
Facsimile: (512) 474-8557


*/s/ James W. Wray Jr w/ permission Paul Swan*   10-13-2000
ATTORNEYS FOR STRICK CORPORATION                 Date

Doug E. Chaves
Federal I.D. No. 1895
State Bar No. 04161400
James W. Wray, Jr.
Federal I.D. No. 463
State Bar No. 00786045
Chaves, Gonzales, & Hoblit, L.L.P.
2000 Frost Bank Plaza
802 N. Carancahua
Corpus Christi, TX 78470
Telephone: (361) 888-9392
Facsimile: (361) 888-9187

-9-

_____/s/ by permission Paul Swen_____        _____10-13-2000_____
ATTORNEYS FOR PACCAR, Inc.                              Date

Larry D. Warren
State Bar No. 13994
Ball & Weed
Trinity Plaza II, Suite 500
745 East Mulberry
San Antonio, TX 78212
Telephone: (210) 731-6300
Facsimile: (210) 731-6499

-10-

ClickPDF - www.fxstra.com