IN THE UNITED STATES DISTRICT COURT
IN AND FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| BILL DOBSON, d/b/a DOBSON EXCAVATING AND TRUCKING, and JOHN ALBRITTON<br>    Plaintiffs<br><br>v.<br><br>STAN WILSON, Individually and as Guardian of JEREMY SEAN WILSON an Incapacitated Person KRISTA WILSON, ANASTASIA ROBSON, Individually, and as Administratrix of the Estate of NATALIE BREDTHAUER, Deceased and DR. LARRY BREDTHAUER<br>    Defendants | §§§§§§§§§§§§§§ United States District Court Southern District of Texas ENTERED<br><br>DEC 19 2000<br><br>Michael N. Milby, Clerk of Court<br><br>88.<br><br>CIVIL ACTION NO. C-00-003 |

**<u>AGREED ORDER OF DISMISSAL</u>**

Came on to be heard the above entitled and numbered cause wherein Bill Dobson, d/b/a Dobson Excavating and Trucking, and John Albritton, interpleaded the amount of the insurance policy ($1,000,000.00) into the registry of the Court. Counterclaims were filed by the "Respondents to the Interpleader/Claimants," who are identified as Stan Wilson, Individually and as Guardian of Jeremy Sean Wilson, an Incapacitated Person, Krista Wilson (now Krista Wilson Chaapel), Anastasia Robson, Individually, and as Administratrix of the Estate of Natalie Bredthauer, Deceased, and Larry Bredthauer. Respondents to the Interpleader/Claimants now appear by and through their attorneys of record, and announce unto the Court that the claims they have made in this case against Bill Dobson, d/b/a Dobson Excavating and Trucking, and John Albritton (their agents, employees, heirs and assigns, and any others in privity or acting on their behalf whether named herein or not, including Briana Dobson, John Deere Insurance Company and Sentry Insurance Company and related corporate entities and agents) have been compromised and settled. The Respondents to the

Interpleader/Claimants have executed a Release and Settlement Agreement and the monies which they are entitled to divide among themselves by agreement, or otherwise among themselves by order of the Court, has been paid, so that they no longer have any causes of action of any kind or character against Bill Dobson, d/b/a Dobson Excavating and Trucking, and John Albritton (their agents, employees, heirs and assigns, and any others in privity or acting on their behalf whether named herein or not, including Briana Dobson, John Deere Insurance Company and Sentry Insurance Company and related corporate entities and agents). Respondents to the Interpleader/Claimants then requested that judgment be entered, that Respondents to Interpleader/Claimants take nothing, and it appeared to the Court that such judgment should be entered.

Since the initiation of the original lawsuit, the Claimants have joined as Defendants, Paccar, Inc., and Strick Corporation, Inc. Strick and Paccar have filed cross-actions over and against Bill Dobson d/b/a Dobson Excavating & Trucking, and John Albritton for contribution in the event that any liability is attributed to them.

**IT IS THEREFORE ORDERED, ADJUDGED and DECREED** as follows:

1. That the Court find that Bill Dobson, d/b/a Dobson Excavating & Trucking, and John Albritton are settling parties and that no Defendant has any further right of contribution against them.

2. That Bill Dobson, d/b/a Dobson Excavating & Trucking, and John Albritton be dismissed with prejudice from the lawsuit;

3. That none of the Claimants have waived their right to assert any claim for any amount or portion of the interpleaded monies with accrued interest by entering into this settlement;

4. That Claimants take nothing further than settlement funds as interpleaded, with accrued interest, from Bill Dobson d/b/a Dobson Excavating & Trucking, and John Albritton;

5. Nothing in this Order shall preclude a request by Paccar or Strick to submit the names of Bill Dobson d/b/a Dobson Excavating & Trucking, and John Albritton for the purposes of apportioning the liability of Paccar and Strick, though no further recovery for contribution can be had from Bill Dobson d/b/a Dobson Excavating & Trucking, and John Albritton;

6. Enter orders that all costs of court shall be taxed to the party incurring same; and

7. That all relief not ordered herein is expressly denied.

SIGNED AND ENTERED this the __18__ day of __Dec__, 2000.

_____
JUDGE HAYDEN HEAD