IN THE UNITED STATES DISTRICT COURT
IN AND FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| BILL DOBSON, d/b/a DOBSON EXCAVATING AND TRUCKING, and JOHN ALBRITTON<br>　　Plaintiffs<br><br>VS.<br><br>STAN WILSON, Individually and as Guardian of JEREMY SEAN WILSON an Incapacitated Person, KRISTA WILSON, ANASTASIA ROBSON, Individually, and as Administratrix of the Estate of NATALIE BREDTHAUER, Deceased, and DR. LARRY BREDTHAUER,<br>　　Defendants<br><br>VS.<br><br>STRICK CORPORATION, INC. | §§§§§§§§§§§§§§§§§§§§§§ | CIVIL ACTION NO. C-00-003 |

United States Bankruptcy Court
Southern District of Texas
FILED
MAY 1 4 2001
Michael N. Milby, Clerk

## ANASTASIA ROBSON, INDIVIDUALLY AND AS ADMINISTRATRIX OF THE ESTATE OF NATALIE BREDTHAUER, DECEASED'S SECOND AMENDED THIRD PARTY COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Defendant and Counter-Plaintiff, Anastasia Robson, Individually and as Administratrix of the Estate of Natalie Bredthauer, Deceased, (Robson) and file this, her Second Amended Third-party Complaint against Third-Party Defendant, Strick Corporation, Inc. (Strick) and would show unto the Court as follows:

104.

## A. Parties

1.  Defendant and Counter/Plaintiff, Anastasia Robson, Individually and as Administratrix of the Estate of Natalie Bredthauer, Deceased is an individual who is a citizen of the State of Texas.

2.  Strick Corporation, Inc., is a Corporation organized and existing under the laws of the State of Delaware and has been previously served through its Registered Agent, Corporation Trust Company, 1209 Orange Street, Wilmington, DE 19801 and has answered herein.

## B.  Jurisdiction: 28 U.S.C. § 1332 "Diversity"

3.  At the time of this lawsuit, and all subsequent filing, Robson is a citizen of the State of Texas.  Strick is a corporation organized under the laws of Delaware.  This Court also has jurisdiction over this matter by virtue of The Texas Wrongful Death Act (Tex. Civ. Prac. & Rem. Code §§ 71.001 et seq.) And the Texas Survival Statute (Tex. Civ. Prac. & Rem. Code §§ 71.021 et seq.)  The amount in controversy is within the jurisdictional limits of this Court.  This Court has both subject matter and personal jurisdiction over the parties.

## C. Venue: 28 U.S.C. § 1391

4.  This cause of action arose in substantial part in Nueces County, Texas.

## D. Facts

5.  On or about July 5, 1999, John Albritton was driving an eighteen-wheel tractor-trailer rig manufactured by Strick and Paccar for Dobson Trucking.  He was traveling south on U.S. Highway 181 between Beeville, Texas and Skidmore, Texas. John Albritton claims that he "slammed on his brakes to avoid a driver braking in front of him on a wet, slick, roadway". As a result of his actions, his eighteen-wheel tractor-trailer rig jack-knifed out of control.  It slid from the

south bound lane of travel across the median and into the oncoming north bound lane of travel on U.S. Highway 181. At the same time, three college students, Natalie Bredthauer, Jeremy Sean Wilson and Krista Lee Wilson, were north bound in the Bredthauer Nissan Maxima when the tractor-trailer rig suddenly and without warning entered and blocked their north bound lane of travel. Jeremy Sean Wilson, who was the driver of the vehicle, had no time to react to avoid the collision and the Bredthauer Nissan went under the tractor-trailer being driven by John Albritton. As a result of the impact on the roof of the Nissan vehicle, Natalie Bredthauer sustained catastrophic mortal injuries, Jeremy Sean Wilson sustained catastrophic closed-head injuries. Natalie Bredthauer died at the scene of the accident. Jeremy Sean Wilson's closed-head injuries required several weeks of hospitalization and resulted in a serious and permanent brain injury.

### E. Claims

#### (1) Defective Trailer

6. Robson hereby alleges that the tractor-trailer, manufactured by Strick, was unreasonable dangerous and defective in its design and marketing. Strick is in the business of manufacturing trailers. The trailer made the basis of this lawsuit was unreasonably dangerous or defective at the time that it was marketed and placed in the stream of commerce by Strick.

7. Robson is relying in Rest. 3rd Torts: Products Liability §1, contends that Strick is engaged in the business of manufacturing and selling the defective trailer made the basis of this lawsuit and subject to liability for the harm it caused to Robson by its defect. (Rest. 3rd Torts: Products Liability §1).

8. The trailer is defectively designed because the foreseeable risk of harm posed by the trailer could have been reduced or avoided by the adoption of a reasonable alternative design by the

manufacturer or seller. The omission of the reasonable alternative design renders the trailer not reasonably safe. (Rest. 3rd Torts: Products Liability §2).

9. The trailer is defective because of inadequate warning or instructions. There was a foreseeable risk of harm posed by the trailer which could have been reduced or avoided by the provision of reasonable instructions or warning by the manufacturer and seller, and the omission of the instructions or warnings renders the product not reasonably safe. (Rest. 3rd Torts: Products Liability §2).

10. Robson specifically pleads that the defect in the trailer may be inferred because the harm sustained by the Robson was caused by a product defect existing at the time of the sale or distribution, because it failed to contain safer alternate design and/or guards because of the relatively low energy of the impact. Specifically:

    (a)    at the time of this accident, without the defective design of the product, the injuries would have been relatively minor and;

    (b)    in this particular case, there were no other causes other than a product defect existing at the time of the sale or distribution that were a producing cause of the Robson's catastrophic injuries. (Rest. 3rd Torts: Products Liability §3).

11. Specifically, Robson alleges that the trailer in question was defective at the time of the commercial sale or other distribution and the defect was a substantial factor in increasing Robson's harm beyond that which would have resulted from other causes. Robson contends that specific proof supports a determination that the harm would not have resulted from other causes in the absence of the product defect and if the trailer had been properly designed. (Rest. 3rd Torts: Products Liability §16).

### (2) Gross Negligence

12. Strick exercised total disregard to the presence of an ultra hazardous dangerous condition. The defective condition of the vehicle's trailer was known by Strick. Their failure to guard or warn constituted actual malice which was a producing cause of Wilson's injuries. This Defendant embarked on a course of conduct which objectively and subjectively constitute malice. Such malicious conduct constitutes gross negligence and was a producing cause of Robson's injury and death.

### F. Damages

13. Natalie Bredthauer was 21 years old at the time of her death. She was in good physical health and a student at Texas A&M University. Robson brings this suit to recover damages for personal injuries suffered prior to death and the wrongful death of Natalie Bredthauer. This action is authorized by the Texas Wrongful Death Act (Tex. Civ. Prac. & Rem. Code §§ 71.001 et seq.) And the Texas Survival Statute (Tex. Civ. Prac. & Rem. Code §§ 71.021 et seq. At the time of her death, Natalie Bredthauer had a life expectancy of approximately 56.3 years according to the U.S. Life Tables of the United States Department of Health and Human Services, a certified copy of which will be offered at trial of this case.

14. This lawsuit is brought for the recovery of those damages inflicted upon Natalie Bredthauer prior to her death, those medical expenses incurred in the past, physical pain and suffering and mental anguish, physical impairment, and conscious fear of impending death and a loss of the intellectual function. This action is brought on Robson's to recover those damages which she has sustained, or in reasonable probability will sustain in the future as a result of the tragic loss of her daughter, Natalie Bredthauer. These damages include, but are not limited to, the past and future

pecuniary loss, the loss of society and companionship including the positive benefits from the love, comfort, companionship and society that she would have received from her daughter; for the mental anguish, emotional pain, torment, suffering, grief and bereavement experienced in the past and in probability, the future, because of the tragic death of her daughter. This lawsuit is also brought by Anastasia Robson, individually and as representative of the Estate of Natalie Brethauer, for the recovery of funeral and burial expenses, loss of society and companionship, mental anguish, grief and bereavement, and the termination of the parent/child relationship. Robson also brings this claim seeking recovery of prejudgment interest as provided by law and post judgment interest on all damages awarded from the date of judgment until satisfied in full.

15. Robson individually and as representative of the Estate of Natalie Brethauer, Deceased, would show that as result of the above and foregoing they have been damaged in the amount of Five Million and No/1000 Dollars (5,000,000.00) Dollars in actual damages and punitive damages as provided by law, for which sums she here now sues.

WHEREFORE, PREMISES CONSIDERED, Anastasia Robson, individually and as the representative of the Estate of Natalie Bredthauer, Deceased, prays that the upon final trial hereof, Robson individually and as representative of the Estate of Natalie Bredthauer, Deceased, have judgment against the Defendant for Five Million and No/1000 ($5,000,000.00) Dollars in actual damages and an additional amount for punitive damages as provided by law, with prejudgment interest at the prevailing legal rate for post judgment interest at the prevailing legal rate, for costs of court, and for such other and further relief, special and general, at law and in equity, to which Robson may show herself justly entitled.

Respectfully submitted

NORMAN & POWELL

By: _____
Michael H. Norman
Federal ID No. 2973
William T. Powell
State Bar No. 1620680
952 Echo Lane, Suite 410
Houston, Texas 77024
713-722-8700 Office
713-722-9197 Fax
**ATTORNEYS FOR DEFENDANT AND THIRD-PARTY PLAINTIFF, ANASTASIA ROBSON**

## CERTIFICATE OF CONSULTATION

This is to certify that counsel for Defendant and Counter-Plaintiff, Anastasia Robson, Individually and as Administratrix of the Estate of Natalie Bredthauer, Deceased, has consulted with the attorneys-in-charge for Defendants in the above referenced cause, who indicated that they are not opposed to the filing of this Second Amended Third-Party Complaint as submitted herewith.

_____
MICHAEL H. NORMAN

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the above and foregoing document has been forwarded to all attorneys of record, on this the 10th day of May, 2001.

_____
MICHAEL H. NORMAN

**Via Certified Mail:**
Mr. Doug Chaves
Mr. Jim Wray
Chaves, Gonzales & Hobit, L.L.P.
802 N. Carancahua Street, Suite 2000
Corpus Christi, Texas 78470
ATTORNEYS FOR STRICK CORPORATION

**Via Certified Mail:**
Mr. Paul Swacina
Mr. David Crago
Brin & Brin, P.C.
1202 third Street
Corpus Christi, Texas 78404
ATTORNEYS FOR JEREMY WILSON

**Via Certified Mail:**
Mr. Randy Howry
Herman & Howry, LLP
1900 Pearl Street
Austin, Texas 78705
ATTORNEY FOR LARRY BREDTHAUER