IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

United States District Court
Southern District of Texas
FILED

MAY 1 5 2001

MICHAEL N. MILBY, CLERK

| | |
|---|---|
| JEREMY SEAN WILSON, ANASTASIA ROBSON, Individually, and as Administratix of the Estate of NATALIE BREDTHAUER, Deceased and DR. LARRY BREDTHAUER | § § § § § |
| VS. | § § § § |
| STRICK CORPORATION, INC. | § |

C.A. NO. C-00-003

## AMENDED COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Jeremy Sean Wilson (Wilson) and files this, his Amended Complaint against Defendant, Strick Corporation, Inc. (Strick) and would show unto the Court as follows:

### A. Parties

1. Wilson is an individual who is a citizen of the State of Texas.

2. Strick Corporation, Inc., is a Corporation organized and existing under the laws of the State of Delaware and may be served through its Registered Agent, Corporation Trust Company, 1209 Orange Street, Wilmington, DE 19801. They have previously been served and answered herein.

### B. Jurisdiction: 28 U.S.C. §1332 "Diversity"

3. At the time of this lawsuit, and all subsequent filings, Wilson is a citizen of Texas. Strick is a corporation organized under the laws of Delaware.

### C. Venue: 28 U.S.C. §1391

4. This cause of action arose in substantial part in Nueces County, Texas.

1

## D. Facts

5.     On or about July 5, 1999, John Albritton was driving an eighteen-wheel tractor-trailer rig manufactured by Strick and Paccar for Dobson Trucking. He was traveling south on U.S. Highway 181 between Beeville, Texas and Skidmore, Texas. John Albritton claims that he "slammed on his brakes to avoid a driver braking in front of him on a wet, slick, roadway". As a result of his actions, his eighteen-wheel tractor-trailer rig jack-knifed out of control. It slid from the south bound lane of travel across the median and into the oncoming north bound lane of travel on U.S. Highway 181. At the same time, three college students, Natalie Bredthauer, Jeremy Sean Wilson and Krista Lee Wilson, were north bound in the Bredthauer Nissan Maxima when the tractor-trailer rig suddenly and without warning entered and blocked their north bound lane of travel. Jeremy Sean Wilson, who was the driver of the vehicle, had no time to react to avoid the collision and the Bredthauer Nissan went under the tractor-trailer being driven by John Albritton. As a result of the impact, the right side edge of the trailer intruded into the passenger compartment proximately causing Wilson's closed head injury. As a result of the impact to the roof of the Nissan vehicle, Natalie Bredthauer sustained catastrophic head injuries, Jeremy Sean Wilson sustained catastrophic closed-head injuries. Natalie Bredthauer died at the scene of the accident. Jeremy Sean Wilson's closed head injuries required several weeks of hospitalization and resulted in a serious and permanent brain injury.

## E. Claims

### (1) Defective Trailer

6.     Wilson alleges that the tractor-trailer, manufactured by Strick, was unreasonably dangerous and defective in its design and marketing. Strick is in the business of manufacturing trailers. The trailer made the basis of this lawsuit was unreasonably dangerous or defective at the

2

time that it was marketed and placed in the stream of commerce by Strick.

7. Wilson relies on Rest. 3rd Torts: Products Liability §1, and contends that Strick is engaged in the business of manufacturing and selling the defective trailer made the basis of this lawsuit and subject to liability for the harm it caused to Wilson by its defect. (Rest. 3rd Torts: Products Liability §1).

8. The trailer is defectively designed because the foreseeable risk of harm posed by the trailer could have been reduced or avoided by the adoption of a reasonable alternative design by the manufacturer or seller. The omission of the reasonable alternative design renders the trailer not reasonably safe. (Rest. 3rd Torts: Products Liability §2).

9. The trailer is defective because of inadequate warnings or instructions. There was a foreseeable risk of harm posed by the trailer which could have been reduced or avoided by the provision of reasonable instructions or warnings by the manufacturer and seller, and the omission of the instructions or warnings renders the product not reasonably safe. (Rest. 3rd Torts: Products Liability §2).

10. Wilson specifically pleads that the defect in the trailer may be inferred because the harm sustained by Wilson was caused by a product defect existing at the time of the sale or distribution, because it failed to contain a safer alternate design and/or guards and because of the relatively low energy of the impact. Specifically:

    (a)    at the time of this accident, without the defective design of the product, the injuries would have been relatively minor and; and

    (b)    in this particular case, there were no other causes other than a product defect existing at the time of the sale or distribution that were a producing cause of Wilson's catastrophic injuries. (Rest. 3rd Torts: Products Liability §3).

11.     Specifically, Wilson alleges that the trailer in question was defective at the time of the commercial sale or other distribution and the defect was a substantial factor in increasing Wilson's harm beyond that which would have resulted from other causes. Wilson contends that specific proof supports a determination that the harm would not have resulted from other causes in the absence of the product defect and if the trailer had been properly designed. (Rest. 3rd Torts: Products Liability §16).

                          (2) Gross Negligence

12.     Strick exercised total disregard to the presence of an ultra hazardous dangerous condition. The defective condition of the vehicle's trailer was known by Strick. Their failure to guard or warn constituted actual malice which was a producing cause of Wilson's injuries. This Defendant embarked on a course of conduct which objectively and subjectively constitute malice. Such malicious conduct constitutes gross negligence and was a producing cause of Wilson's injury.

                              F. Damages

13.     Jeremy Wilson was 20 years old at the time of his accident. He was in good physical health and a student at Texas A & M University. Jeremy Wilson suffered severe closed head injuries which have resulted in disabling and potentially permanent brain damage. As a result of such injuries, Jeremy Wilson has suffered past medical expense to date in the amount of at least $96,000.00. Jeremy Wilson has suffered damages, both in the past and in the future, which will continue to the end of his life as follows: loss of earning capacity, loss of physical and mental capacity, loss of earning capacity, physical pain, disfigurement, disability, mental anguish. In addition, he has and may require reasonable and necessary hospital, medical, nursing and custodial care and other expenditures for the care and treatment of his injuries in the past and will continue to require in the future until the end of his life.

4

14. Wilson would show that a result of the above and foregoing, he has been damaged in the amount of Five Million and No/100 ($5,000,000.00) Dollars in actual damages and an additional amount of punitive damages as provided for by law, for which sums he here now sues.

WHEREFORE, PREMISES CONSIDERED, Jeremy Wilson prays that upon final trial hereof, he have judgment against the Defendant for Five Million and No/100 ($5,000,000.00) Dollars in actual damages and an additional amount for punitive damages as provided by law, with prejudgment interest at the prevailing legal a rate, for post judgement interest at the prevailing legal rate, for costs of court, and for such other and further relief, special and general, at law and in equity, to which Wilson may show himself justly entitled.

Respectfully submitted,

By: _____
PAUL SWACINA
Federal I.D. No. 5924
State Bar No. 19542700
ATTORNEY-IN-CHARGE
David Crago
Federal I.D. No. 13868
State Bar No. 04975260

OF COUNSEL:

**BRIN & BRIN, P.C.**
1202 Third Street
Corpus Christi, TX 78404
Telephone:   (361) 881-9643
Facsimile:    (361) 883-0506

## CERTIFICATE OF CONSULTATION

    This is to certify that counsel for Plaintiff, Jeremy Wilson, has consulted with the attorneys-in-charge for Plaintiffs and Defendant in the above referenced cause, who indicated that they are not opposed to the filing of this Amended Complaint as submitted herewith.

_____
PAUL SWACINA

## CERTIFICATE OF SERVICE

    I hereby certify that a true and correct copy of the above and foregoing document has been forwarded to all attorneys of record, on this the __8th__ day of May, 2001, in accordance with the Federal Rules of Civil Procedure.

_____
Paul Swacina

**Via CMRRR: 7000 1670 0013 6340 0918**
Mr. Doug Chaves
Mr. Jim Wray
Chaves, Gonzales & Hoblit, L.L.P.
802 N. Carancahua St., Suite 2000
Corpus Christi, TX 78470
Attorney for Strick Corporation

**Via Regular Mail**
Mr. William T. Powell
Mr. Michael H. Norman
952 Echo Lane, Suite 410
Houston, TX 77024
Attorneys for Anastasia Robson, as Administrator of the
Estate of Natalie Bredthauer, Deceased

**Via Regular Mail**
Mr. Randy Howry
Herman & Howry, LLP
1900 Pearl Street
Austin, TX 78705
Attorney for Larry Bredthauer

6