IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

United States District Court
Southern District of Texas
FILED

MAY 22 2001

MICHAEL N. MILBY, CLERK

| | | |
|---|---|---|
| BILL DOBSON, d/b/a DOBSON EXCAVATING AND TRUCKING and JOHN ALBRITTON | § § § § | |
| VS. | § § | C.A. NO. C.00.003 |
| STAN WILSON, Individually and as Guardian of JEREMY SEAN WILSON an Incapacitated Person, KRISTA WILSON, ANASTASIA ROBSON, Individually and as Administratix of the Estate of NATALIE BREDTHAUER, Deceased, and DR. LARRY BREDTHAUER | § § § § § § § § § | |
| VS. | § § | |
| STRICK CORPORATION and PACCAR, INC. | § § | |

**THIRD-PARTY DEFENDANT STRICK CORPORATION'S
AMENDED ANSWER TO THIRD PARTY COMPLAINT**

TO THE HONORABLE JUDGE OF SAID COURT:

STRICK CORPORATION, Third-Party Defendant, files this Amended Answer to the Third Party Complaint of STAN WILSON, INDIVIDUALLY, AND AS GUARDIAN OF JEREMY WILSON, AND KRISTA WILSON, for such stating as follows:

**A. Response to Third Party Complaint**

1. The allegations of Paragraph 1 of the Third Party Complaint were correct when made, but Jeremy Wilson is no longer incapacitated and Stan Wilson is no longer his guardian.

2. Krista Wilson Chaapel has stated that she no longer seeks recovery from this

Strick Corp's Amended Answer

1

109.

Defendant.

3. The allegations of Paragraph 3 of the Third Party Complaint are admitted.

4. Paccar, Inc. has been dismissed as a party to this suit.

5. Albritton and Dobson Trucking and Paccar, Inc. are no longer parties to this suit, all having entered into settlements with the Complainant, Jeremy Wilson.

6. The allegations of Paragraph 6 of the Third Party Complaint are denied.

7. Regarding the allegations of Paragraph 7 of the Third Party Complaint, Strick Corporation says as follows: Strick Corporation admits that John Albritton was driving an 18-wheel tractor/trailer rig owned by Dobson Trucking, his employer, on July 5, 1999, traveling south on U.S. Highway 181 between Beeville and Skidmore, Texas. Strick admits that John Albritton claims that he "slammed on his brakes to avoid his a driver braking in front of him on a wet, slick, roadway" but denies that this is true. Strick admits that as a result of Albritton's actions his rig jackknifed and veered into the south bound lane of travel in which a Nissan automobile owned by Bredthauer and driven by Jeremy Sean Wilson was north bound. Strick denies that the tractor/trailer rig "suddenly and without warning entered and blocked their north bound lane of travel" and denies that Jeremy Sean Wilson "had no time to react to avoid the collision." Strick admits that the Nissan went under the trailer and that Natalie Bredthauer died as a result of her injuries. Strick admits that Jeremy Sean Wilson sustained injuries from which he has recovered physically and admits that the extent that these injuries will affect him in the future is not currently know with reasonable medical certainty.

8. With regard to Paragraph 8 of the Third Party Complaint, Strick denies that it

Strick Corp's Amended Answer

2

manufactured the tractor/trailer, but admits that it manufactures trailers but has not been able to examine the trailer involved in this accident and can neither admit nor deny that that trailer was manufactured by Strick.  Strick denies that it marketed and placed in the stream of commerce a trailer which was unreasonably dangerous or defective.

9. The allegations of Paragraph 9 of the Third Party Complaint are denied.

10. The allegations of Paragraph 10 of the Third Party Complaint are denied.

11. The allegations of Paragraph 11 of the Third Party Complaint are denied.

12. The allegations of Paragraph 12 of the Third Party Complaint are denied.

13. The allegations of Paragraph 13 of the Third Party Complaint are denied.

14. The Third Party Defendant Strick has no information upon which to base admission or denial of the allegations of Paragraph 14 of the Third Party Complaint.

15. The Third Party Defendant Strick has no information upon which to base admission or denial of the allegations of Paragraph 15 of the Third Party Complaint.

16. The Third Party Defendant Strick has no information upon which to base admission or denial of the allegations of Paragraph 16 of the Third Party Complaint.

17. The Third Party Defendant Strick has no information upon which to base admission or denial of the allegations of Paragraph 17 of the Third Party Complaint.

18. The Third Party Defendant Strick has no information upon which to base admission or denial of the allegations of Paragraph 18 of the Third Party Complaint.

19. Third Party Defendant Strick denies the allegations of Paragraph 19 of the Third Party Complaint as they apply to Strick but can neither admit nor deny whose allegations as they relate to Third Party Defendant Paccar.

20. Strick Corporation admits the first sentence of Paragraph 20. Strick admits that Jeremy Wilson suffered injuries but denies that the injuries he has suffered are of the severity claimed in Paragraph 20.

21. Strick Corporation denies the allegations of Paragraph 21 of the Third Party Complaint.

22. Strick Corporation neither admits nor denies the allegations of Paragraph 22 of the Third Party Complaint which are, in any event, irrelevant since Krista Wilson Chaapel no longer seeks to make recovery from this Defendant.

23. Strick Corporation denies the allegations of Paragraph 22 of the Third Party Complaint which are, in any event, irrelevant since Krista Wilson Chaapel no longer seeks to make recovery from this Defendant.

### B. Defenses and Cross Complaint

24. For further answer, Strick Corporation says that prior to and at the time of this accident, Dobson Excavating and Trucking and its employee Albritton were operating negligently a tractor/trailer rig which was unfit to be on the highway because of faulty maintenance. Albritton negligently lost control of this vehicle and the accident which resulted in the injuries to Jeremy Wilson and the death of Natalie Bredthauer was caused solely by the negligence of Dobson Excavating and Trucking and its driver Albritton.

25. Pleading further, Strick Corporation would show that Jeremy Sean Wilson has entered into settlements with Dobson Excavating Trucking, Albritton and Paccar, Inc., and that Dobson Excavating Trucking, Albritton and Paccar, Inc., are "settling persons" as that term is defined in the Texas Civil Practice and Remedies Code § 33.003 and that Strick

Corporation is entitled to credit for the settlement made subject to such election as Strick Corporation may make at the proper time pursuant to the provisions of Chapter 33 of the Texas Civil Practice and Remedies Code.

26. Strick Corporation further alleges that Jeremy Sean Wilson was negligent in the operation of a motor vehicle on the occasion in question and pleads his negligence in bar or mitigation of damages as provided by Chapter 33 of the Texas Civil Practice and Remedies Code.

27. By way of Cross Complaint, Strick Corporation asserts against Jeremy Wilson the right of contribution for any damages awarded to Dr. Larry Bredthauer and Anastasia Robson for the death of their daughter, Natalie Bredthauer, pursuant to Chapter 33 of the Texas Civil Practice and Remedies Code.

Respectfully submitted,

By: _____
DOUGLAS E. CHAVES
Attorney-in-Charge for Defendant
STRICK CORPORATION
Federal I.D. No. 1895
State Bar No. 04161400
2000 Frost Bank Plaza
802 N. Carancahua
Corpus Christi, Texas 78470
(361) 888-9392 - telephone
(361) 888-9187 - facsimile

Of Counsel:

James W. Wray, Jr.
Federal I.D. No. 663
State Bar No. 00786045
CHAVES, GONZALES, & HOBLIT, L.L.P.
2000 Frost Bank Plaza
802 N. Carancahua
Corpus Christi, TX  78470
(361) 888-9392 - telephone
(361) 888-9187 - facsimile

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing instrument has been served upon all counsel of record to this proceeding by the manner indicated below, on this 22nd day of May, 2001.

**Certified Mail/RRR:**
Mr. Paul Swacina
BRIN & BRIN
1202 THIRD STREET
CORPUS CHRISTI, TEXAS  78404

Mr. William T. Powell
Mr. Michael H. Norman
952 ECHO LANE, SUITE 410
HOUSTON, TEXAS  77024

Mr. Randy Howry
HOWRY & HOWRY, LLP
1900 PEARL STREET
AUSTIN, TEXAS  78705

_____
Douglas E. Chaves