UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| JEREMY SEAN WILSON, ANASTASIA ROBSON, Individually, and as Administratix of the Estate of NATALIE BREDTHAUER, Deceased and DR. LARRY BREDTHAUER | § § § § § § | United States District Court Southern District of Texas FILED MAY 25 2001 MICHAEL N. MILBY CLERK |
| v. | § | CASE NUMBER C-00-003 |
| STRICK CORPORATION, INC. | § § | |

## DR. LARRY BREDTHAUER, INDIVIDUALLY AND AS ADMINISTRATOR OF THE ESTATE OF NATALIE BREDTHAUER, DECEASED'S SECOND AMENDED COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Dr. Larry Bredthauer, Individually and as Administrator of the Estate of Natalie Bredthauer, Deceased (collectively "Bredthauer"), and files his Second Amended Complaint against Defendant, Strick Corporation ("Strick") and would show unto the Court as follows:

### A. Parties

1.  Plaintiff, Dr. Larry Bredthauer, Individually and as Administrator of the Estate of Natalie Bredthauer, Deceased is an individual who is a citizen of the State of Texas.

2.  Defendant Strick Corporation, Inc., is a corporation organized and existing under the laws of the State of Delaware. Strick has previously been served and answered herein.

### B. Jurisdiction: 28 U.S.C. §1335 "Interpleader" and 28 U.S.C. §1332 "Diversity"

3.  At the time of this lawsuit, and all subsequent filings, Plaintiff is a citizen of the State of Texas. Strick is a corporation organized under the laws of Delaware.

114

## C. Venue: 28 U.S.C. §1391

4.     This cause of action arose in substantial part in Nueces County, Texas.

## D. Facts

5.     On or about July 5, 1999, John Albritton was driving an eighteen-wheel tractor-trailer rig manufactured by Strick and Paccar for Dobson Trucking. He was traveling south on U.S. Highway 181 between Beeville and Skidmore, Texas. John Albritton claims that he "slammed on his brakes to avoid a driver braking in front of him on a wet, slick, roadway." As a result of his actions, his eighteen-wheel tractor-trailer rig jack-knifed out of control. It slid from the south bound lane of travel across the median and into the oncoming north bound lane of travel on U.S. Highway 181. At the same time, three college students, Natalie Bredthauer, Jeremy Sean Wilson and Krista Lee Wilson, were traveling north in the Bredthauer Nissan Maxima when the tractor-trailer rig suddenly and without warning entered and blocked their north bound lane of travel. Jeremy Sean Wilson, who was the driver of the vehicle, had no time to react to avoid the collision and the Bredthauer Nissan went under the tractor-trailer being driven by John Albritton. As a result of the impact on the roof of the Nissan vehicle, Natalie Bredthauer sustained catastrophic mortal injuries, Jeremy Sean Wilson sustained catastrophic disabling injuries and Krista Lee Wilson sustained sever injuries. Natalie Bredthauer died at the scene of the accident. Jeremy Sean Wilson sustained serious closed head injuries that required several weeks of hospitalization and resulted in a serious and potentially permanent closed head injury. The extent that these injuries will affect him in the future is not currently known with reasonable medical certainty. Krista Lee Wilson sustained serious injuries, was treated in the hospital, released and there is uncertainty as to the future of her injuries as well.

## E. Claims

### (1) Trailer

6. Bredthauer hereby alleges that the tractor-trailer, manufactured by Strick, was unreasonably dangerous and defective in its design and marketing. Strick is in the business of manufacturing trailers. The trailer made the basis of this lawsuit was unreasonably dangerous or defective at the time that it was marketed and placed in the stream of commerce by Strick.

7. Bredthauer is relying on Rest. 3rd Torts: Products Liability §2 to contend that Strick is and/or was engaged in the business of selling or otherwise distributing trailers and sold and/or distributed the defective trailer made the basis of this lawsuit and subject to liability for the harm it caused to the Bredthauer by its defect. (Rest. 3rd Torts: Products Liability §1).

8. The trailer is defectively designed because the foreseeable risk of harm posed by the trailer could have been reduced or avoided by the adoption of a reasonable alternative design by the seller and/or other distributor, or a predecessor in a commercial chain of distribution. The omission of the reasonable alternative design renders the trailer not reasonably safe. (Rest. 3rd Torts: Products Liability §2).

9. The trailer is defective because of inadequate warnings or instructions because the foreseeable risk of harm posed by the trailer could have been reduced or avoided by the provision of reasonable instructions or warnings by the seller or other distributor, or a predecessor in the commercial chain of distribution, and the omission of the instructions or warnings renders the product not reasonably safe. (Rest. 3rd Torts: Products Liability §2).

10. Bredthauer specifically pleads that the defect in the trailer may be inferred because the harm sustained by Natalie Bredthauer was caused by a product defect existing at the time of the

sale or distribution, because it failed to contain safe alternate design and/or guards because of the relatively low energy of the impact. Specifically,

    (a)    at the time of this accident, without the defective design of the product, the injuries would have been relatively minor and;

    (b)    in this particular case, there were no other causes other than a product defect existing at the time of the sale or distribution that were a producing cause of the catastrophic injuries of Natalie Bredthauer. (Rest. 3rd Torts: Products Liability §3).

11.    Specifically, Bredthauer alleges that the trailer in question was defective at the time of the commercial sale or other distribution and the defect was a substantial factor in increasing Bredthauer harm beyond that which would have resulted from other causes. Defendants and Counter-Plaintiffs contend that specific proof supports a determination that the harm would not have resulted from other causes in the absence of the product defect and if the trailer had been properly designed. (Rest. 3rd Torts: Products Liability §16).

### (2) Gross Negligence

12.    Strick exercised a total disregard to the presence of an ultra hazardous condition by failing through either gross negligence or intentional conduct to include side rail guards that would have prevented a side under ride such as the one made the basis of this lawsuit. Paccar has exercised total disregard with regard to the steering and brake systems of this truck and have specifically attempted on numerous occasions to repeal the requirements of antilock brakes though they know that such brakes reduce or eliminate the risk of loss of control in emergency situations. Both of these Third-Party Defendants embarked in a course of conduct which objectively and subjectively

constitute malice. Such malicious conduct constitutes gross negligence and was a producing and/or proximate cause of the injuries and death in question.

### F. Damages

13.  Natalie Bredthauer was 21 years old at the time of her death. She was in good physical health and a student at Texas A&M University. At the time of her death, Natalie Bredthauer had a life expectancy of approximately 56.3 years according to the U.S. Life Tables of the United States Department of Health and Human Services, a certified copy of which will be offered at the trial of this case.

14.  This lawsuit is brought for the recovery of those damages inflicted upon Natalie Bredthauer prior to her death, those medical expenses incurred in the past, physical pain and suffering and mental anguish, physical impairment, and conscious fear of impending death and a loss of the intellectual function. This lawsuit is also brought by Dr. Larry Bredthauer, individually and as representative of the Estate of Natalie Bredthauer, for the recovery of funeral and burial expenses, loss of society and companionship, mental anguish, grief and bereavement, and the termination of the parent/child relationship.

15.  Bredthauer, individually and as representative and Administrator of the Estate of Natalie Bredthauer, Deceased, would show that a result of the above and foregoing he has been damaged in the amount of Five Million and No/100 Dollars ($5,000,000.00) in actual damages and punitive damages as provided by law, for which sums Bredthauer now sues.

WHEREFORE, PREMISES CONSIDERED, Dr. Larry Bredthauer, individually and as the representative and Administrator of the Estate of Natalie Bredthauer, Deceased, prays that upon final trial hereof, Bredthauer have judgment against the Counter-Defendants and Third-Party Defendants,

jointly and severally for Five Million and No/100 Dollars ($5,000,000.00) in actual damages and punitive damages as provided by law, together with prejudgment interest at the prevailing legal rate, for post judgment interest at the prevailing legal rate, for costs of court, and for such other and further relief, special and general, at law and in equity, to which Bredthauer may show himself justly entitled.

Respectfully submitted,

HERMAN, HOWRY & BREEN, L.L.P.

_____
Randy Howry
Southern District Bar No.: 16184
State Bar No. 10121690
1900 Pearl Street
Austin, Texas 78701
(512) 474-7300
(512) 474-8557 FAX
**ATTORNEY FOR DEFENDANT
DR. LARRY BREDTHAUER, INDIVIDUALLY
AND AS ADMINISTRATOR OF THE ESTATE
OF NATALIE BREDTHAUER, DECEASED**

## CERTIFICATE OF CONSULTATION

This is to certify that counsel for Defendant and Counter-Plaintiff, Dr. Larry Bredthauer, has consulted with the attorneys-in-charge for Plaintiffs and Defendant in the above-referenced cause, who indicated that they are not opposed to the filing of this Amended Third-Party Complaint as submitted herein.

_____
Randy Howry

## CERTIFICATE OF SERVICE

I do hereby certify that a duplicate original or true and correct copy of the foregoing document to which this certificate is attached was served on Plaintiffs counsel of record in this case by certified mail, return receipt requested, at the address listed below on the 18th day of May, 2001.

Mr. Paul Swacina
BRIN & BRIN, P.C.
1202 Third Street
Corpus Christi, Texas 78404

Mr. Ted Powell
Norman & Powell
952 Echo Lane, Suite 410
Houston, Texas 77024

Mr. Doug Chaves
Mr. Jim Wray
CHAVES, GONZALES & HOBLIT, L.L.P.
802 N. Carancahua St., Suite 2000
Corpus Christi, Texas 78470

_____
Randy Howry

F:\CASES\RH\Bredthauer v. Dobson\Pleadings\Bredthauer 2nd Amended Third Party Complaint wpd